JOHN PATCH AND HIS WIFE, LUCY B. PATCH, *v.* THE PHOENIX MUTUAL LIFE INSURANCE COMPANY.

*Life Insurance. Paid up Policy. Construction. Marginal Clause. Forfeiture. Annual Premium.*

An entry upon the margin of a policy issued as a " paid up policy," in exchange for an endowment policy, upon which two annual premiums had been paid, partly by two notes, as follows: " This policy is conditional on the interest on the two notes given in part payment for two premiums paid on No. 10,603 being paid in advance," *held* to be a part of the policy, the same as though inserted in the body of the instrument.

The notes provided that the interest thereon should be paid in advance, and it was *held* that the effect of the marginal clause was to make the policy conditional upon the payment of the interest *annually* in advance; that the terms of the condition were not complied with by payment of the interest in advance the first year only.

The interest upon the notes became practically a premium upon the policy, payable annually in advance, and on failure to pay the same, the company ceased to be liable, and the policy was forfeited.

ASSUMPSIT to recover a sum specified in an insurance policy. The case was tried upon the following agreed statement of facts:

On the 21st day of February, 1865, the defendants, on the application of Charles W. Ripley, then the husband of Lucy B. Patch, who is now the wife of said John Patch, and one of the plaintiffs in this suit, assured the life of said Charles W., and executed and delivered to him an endowment policy of insurance for $5000, payable to the said Lucy B., when the said Charles W. should attain the age of forty years, (he then being of the age of twenty-four years,) or at the date of the death of said Charles W., should he decease prior to attaining that age, upon the condition, among others, that he pay the defendants the annual premium of $279 on or before the 21st day of February, in each and every year thereafter, during the continuance of said policy. Said policy is hereunto annexed and made part of this case, and marked " A." Said Charles W. paid two annual premiums on said policy, one at the date thereof, and one in one year thereafter. Said annual premiums were paid partly in cash, and partly by two notes, which are hereunto annexed and marked " B" and " C" respectively, and made part of the case. Said notes were executed and delivered to the defendants on the days when they respectively bear date, by said Charles W. On the 30th day of March, 1867, said Charles W. surrendered said policy to the defendants, who executed and delivered to him another policy of insurance, called a " paid up policy," No. 19,543, in lieu of and in payment of said first named policy, for the sum of $625, which last named policy is hereunto annexed and made part of this case, and marked " D." It is agreed that if the written memoranda on the margin of said policy " D " are in law a part of the policy, the papers marked " B " and " C " are the notes referred to therein, and it is agreed that said memoranda were upon said policy when it was executed and delivered. Prior to the surrender of said policy " A," the interest on said notes had been paid up to the 21st day of February, 1867, and at the time of its surrender, and previous to the execution and delivery of said policy " D," the interest on said notes was paid one year in advance and up to the 21st day of February, 1868. Just before the said 21st day of February, 1868, the date when the next annual instalment of interest became due on said notes, the defendants sent a notice by mail to the said Charles W., directed to Wilmington, Vermont, it being his last place of residence known to the defendants, informing him when said instalment of interest would become due, which notice was returned to the defendants, it not having been called for by said Charles W. at the post-office in said Wilmington. The said Charles W., at the time said policy " A " was surrendered, and for some time prior thereto, resided

at said Wilmington, but when said notice reached there, as afore-said, he had changed his residence to Hartford, Connecticut, where he was then residing; but this change of residence was not known to the defendants, they having received no notice thereof. The defendants never gave the said Lucy B. notice that any interest was due on said notes, or demanded payment thereof of her, nor did she have any knowledge or notice that any further payment was required on said policy " D," unless such notice is to be implied from the terms of said policy, neither did she or the said Charles W. ever pay, or offer to pay, any interest thereon except as aforesaid.

Said Charles W. died on the 25th day of October, 1870, at Montague City, Mass., and proper proofs of his death were made. and forwarded to the defendants, whereupon the defendants notified the said Lucy B. that said policy " D " had lapsed and was no longer in force, by reason of the non-payment of the interest on said notes, as required by the terms and conditions thereof, and refused to pay the same. The rights of the parties upon the foregoing statement of facts and papers annexed, are submitted for the judgment of the court. Immediately upon the delivery of policy " D," it was passed into the hands of the said Lucy B., by her husband, he saying to her, " There is a paid up policy for you. You'll have so much if I am taken away." And said policy remained in her keeping until the death of her husband, as aforesaid.

The court, Ross, J., presiding, in this case having, *pro forma*, rendered judgment on the above agreed statements of facts, for the plaintiff to recover $625 damages, the defendant excepted.

" B."

$139.53. HARTFORD, February 21st, 1865.
Twelve months after date, for value received, I promise to pay the Phoenix Mutual Life Insurance Company, or order, one hundred thirty-nine 53-100 dollars, with interest payable annually, in advance, at 6 per cent., it being for part premium due and payable on policy No. 10,603 of said company, on the life of Charles W. Ripley, dated February 21st, 1865, which policy, and all payments or profits which may become due thereon, are hereby pledged and hypothecated to said company for the payment of this note.

No. 10:603. Interest, $8.40. CHARLES W. RIPLEY.

The other note, called paper " C " in the agreed statement, was for 140 02-100 dollars, and was in same terms as paper " B."

*Policy* " D."

PHŒNIX MUTUAL LIFE INSURANCE COMPANY, HARTFORD, CONN.

No. 19,543.                                    $625.00.

Paid up Policy, in lieu of 10,603 of Feb'y 21, 1865.    2-16 paid.

Interest, $16.80.

Annual Premium, $558.10.

Sum insured, $625.00.

Age, 24.

Term, Pay at 40.

This Policy of Assurance Witnesseth, that the Phœnix Mutual Life Insurance Company, in consideration of the representations made to them in the application for this Policy, and of the sum of five hundred and fifty-eight dollars and ten cents, to them in hand paid by Lucy B. Ripley, do assure the life of Charles W. Ripley, of Wilmington, in the county of Windham, state of Vermont, for the sole and separate use and benefit of the said Lucy B. Ripley, in the amount of six hundred and twenty-five dollars, payable to the said Lucy B. Ripley or her executors, administrators or assigns, on the 21st day of February, 1881, when the said C. W. Ripley shall have attained the age of forty years, or to her executors, administrators or assigns, should Charles W. Ripley die previous to attaining that age.

And the said company do hereby promise and agree to and with the said assured, well and truly to pay, or cause to be paid, the sum assured, as aforesaid, within ninety days after notice and proof of interest, (if assigned or held as security,) and of the death of the said Charles W. Ripley.

This Policy " D " contained the ordinary provisions found in policies, among which was the following :

And it is also understood and agreed, to be the true intent and meaning hereof, that in case the said assured shall not pay the said annual premiums on or before the several days herein before mentioned for the payment thereof, then and in every such case the said company shall not be liable to the payment of the sum insured, or any part thereof; and this policy shall cease and determine.

And it is further agreed, that in every case where this policy shall cease or be or become null or void, all payments made thereon and all dividend credits accruing therefrom, shall be forfeited to the said company.

This policy was duly signed, and dated March 30, 1865.

The marginal clause referred to above is as follows :

This policy is conditional on the interest on two notes given in part payment for two premiums paid on No. 10,603 being paid in advance.

On the back of said policy was the following inscription :

### Purchase of Policies.

The company will purchase any of its policies, while in force, on which two annual premiums have been paid, and give for them their equitable value ; or, if the party prefers, will issue a *new paid up policy*, for the amount of insurance that the equitable value of the policy surrendered will purchase, thus making ALL policies *non-forfeitable*.

*Dunton & Veazey* and *J. M. Tyler*, for the defendants.

The policy was a contract with the husband, Charles W. Ripley, and the terms and conditions to which he assented attach to and qualify the policy, and determine the liability of the insurers. And if the policy is regarded as having been procured by his wife, as the result of an agreement made between her and the company, he was the actor in the transaction and represented his wife, the plaintiff, and by claiming the benefit of his acts and of the policy procured by his agency, she necessarily ratifies and affirms the contract as it was made, with all its terms and conditions. *Baker* v. *The Union Mut. Life Ins. Co.*, 43 N. Y., 283.

The marginal memoranda on policy " D" are a part of the policy or contract of insurance. *McLaughlin* v. *Atlantic Mut. Life Ins. Co.*, 57 Maine, 170 ; *Graham* v. *Stevens*, 34 Vt., 166.

The notes referred to in the memoranda, together with the policy, make the contract of the parties, and should be read together, if necessary, to ascertain the minds and agreement of the parties. *Baker* v. *The Mutual Life Ins. Co.*, 43 N. Y., 283, *supra ; Pitt, Adm'r.*, v. *Berkshire Ins. Co.*, 100 Mass., 500.

Policy " D" was forfeited by failure to pay the interest in advance, as provided in the marginal condition. *Pitt* v. *Berkshire Life Ins. Co.*, 100 Mass., 500 ; *Shaw* v. *Same*, 103 Mass., 254 ; *Hodsdon, Adm'x.*, v. *Guardian Life Ins. Co.*, 97 Mass., 144 ; *McAllister, Adm'r.*, v. *New Eng. Life Ins. Co.*, 98 Mass., 558. The policy was as surely forfeited by failure to pay the interest on the notes, as it would have been if the condition had been that the

*notes* should be paid at the time the interest was payable, and there had been failure to pay the notes according to the condition. The difference is only in amount to be paid, hence the legal effect is the same. The interest on these notes was, in legal effect and in express terms, an annual premium to be paid, and in accordance with the well known usage and custom of all insurance companies as to premiums, was to be paid annually in advance.

The acknowledgement of payment in a policy is always open to explanation by proof of the actual facts. *Pitt., Adm'r.*, v. *Berkshire Life Ins. Co., supra; Strong* v. *Ricker*, 16 Vt., 554.

The defendants were in no way in fault as to the matter of notifying said Ripley of his instalment of interest becoming due February 21, 1868. Moreover, there was no obligation on the part of the defendants to give any notice.

*Chas. N.* and *G. W. Davenport*, for the plaintiffs.

As to this memorandum, we say, first, it is no part of the contract of insurance. It is inconsistent with and repugnant to that contract. Second, if a part of the policy, or a contemporaneous writing that should be construed with it, it is so vague, uncertain and indefinite in its terms, that it should not be permitted to override the express and absolute promise contained in the body of the policy. Third, the case shows full performance of this condition. " Prior to the surrender of policy " A," the interest on said notes had been paid up to the 21st of February, 1867, and at the time of the surrender and previous to the execution of policy " D," the interest on said notes was paid one year in advance, and up to the 21st day of February, 1868." This must be the payment called for in this memorandum. It does not say, " paid in advance *annually.*" Fourth, in point of fact these notes had no legal existence They had been paid out of the profits for the years 1866 and 1867, and should have been surrendered when the policy for which they were given was cancelled.

This policy was not a contract with Charles W. Ripley in legal effect. The contract is with Lucy B. Ripley. It is from her that the consideration of $558.10 moved. Lucy B. Ripley was a stranger to these notes. If these notes had any vitality or valid-

ity after the surrender and cancellation of the old policy, they were not the notes of the wife plaintiff; nor was it her policy that was pledged or hypothecated for their payment. If the effect of this marginal memorandum was to make the policy conditional upon the payment of the interest upon notes in which she was a stranger, and of the existence of which she had neither knowledge or notice, then I say that before the company can treat the policy as lapsed, and thereby escape payment, they must give her notice that interest was due, and of the consequences of non-payment.

The opinion of the court was delivered by
. PIERPOINT, Ch. J. The first question that naturally arises upon the case as made up and agreed upon by the parties, is whether or not the memorandum entered upon the policy of insurance prior to its execution and delivery, is to be treated as a part of the policy, to be considered and taken into account in determining the true meaning and effect of the instrument itself. We think the entry upon the margin of this policy, of the words, " This policy is conditional on the interest on the two notes given in part payment for two premiums paid on No. 10,603 being paid in advance," must be treated as a part of the policy, and the same effect given to them in determining the character and conditions of the policy, as would be given to them, if they had been inserted in the body of the instrument. The rule that entries so made upon the margin of an instrument are to be regarded as a part of it, has long been settled in this State, and elsewhere, and is not now seriously controverted in the case. *Graham* v. *Stevens*, 34 Vt., 166 ; 57 Maine, 170.

Regarding this memorandum as a part of the contract of insurance, what then is the true legal effect and scope of the whole instrument ? It appears from the agreed statement of facts, that on the 21st day of February, 1865, Charles W. Ripley, then the husband of Lucy B. Patch, the female plaintiff in this case, procured of the defendants what is called an endowment policy of insurance, for $5000, payable to the said Lucy B., when the said Charles W. should attain the age of 40 years, (he then being 24 years of age,)

or at the death of the said Charles W., should he decease prior to attaining that age, upon the condition that he pay the defendants the annual premium of $279, on or before the 21st day of February, in each and every year, during the continuance of said policy. On this policy the said Charles W. paid two annual premiums, partly in money and partly by two notes, which two notes are the same that are referred to in the memorandum on the policy now under consideration.

On the 30th day of March, 1867, the said Charles W. and the defendants entered into an arrangement by which the aforesaid endowment policy was surrendered, and the present policy, which is called a " paid up policy," issued in lieu thereof. The consideration of this last policy was the premium which had been paid upon the first; and as such premium was in part paid by the two notes referred to, the defendants sought to make this policy conditional upon the payment of the interest annually, and in advance, upon those two notes. This object we think was fully accomplished by the memorandum upon the margin.

But it is said that as the memorandum only refers to the payment of the interest in advance, and does not say annually, the terms of the condition were complied with when the interest was paid in advance for the first year. This we think is quite too narrow a construction. The interest upon the notes, by their terms, is to be paid annually, and it is such interest that the memorandum refers to and requires to be paid in advance. Any other construction would be a manifest violation of the meaning and intent of the parties to this contract. The defendants having taken the notes in the place of the money, it could not reasonably be expected that the defendants would do less than to secure the payment of the interest thereon, by making the new policy dependent upon its payment. Treating the memorandum as a part of the policy, and the whole to be considered the same as though it was included in the body of the instrument, the interest upon the notes becomes practically a premium upon the policy, payable annually in advance ; and on failure to pay the same, the company ceases to be liable and the policy is forfeited.

As in this case such interest or premium was not paid according to the terms of the policy, the plaintiffs cannot recover thereon. *Baker* v. *Insurance Co.*, 43 N. Y., 283; *Pitt* v. *Insurance Co.*, 100 Mass., 500.

Judgment reversed, and case remanded.