## Holmes *v.* Bloch.

### Assumpsit.

(Decided April 20, 1916. 71 South. 670.)

1. **Sales; Contract; Countermanding.**—Where the order signed by the defendant reserved the right to the seller to accept or reject the sale made by its representative, the sale was conditional, and the buyer could countermand it at any time before its acceptance.

2. **Evidence; Letters; Presumption.**—Where a letter is mailed with postage prepaid and properly addressed, there is a presumption that it was duly received by the addressee, but this presumption is rebuttable.

3. **Sales; Countermand; Evidence.**—Under the evidence in this case it was a question for the jury whether the buyer had countermanded the order

[Holmes v. Bloch.]

before acceptance, there being evidence that the countermand was posted only a short time after the order was given, and that the two would leave on the same mail.

APPEAL from Montgomery City Court.

Heard before Hon. C. P. MCINTYRE.

Assumpsit by B. K. Bloch doing business as the Empire Distilling Company, against Lee Holmes. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating that court.

RUSHTON, WILLIAMS & CRENSHAW, for appellant. BALL & SAMFORD, for appellee.

MAYFIELD, J.—This is an action to recover the purchase price of five barrels of whisky. Four counts declare each on promissory notes made by defendant, payable to plaintiff, for the aggregate price of the whisky. There is no dispute that the notes were given as for the purchase price of the whisky, nor that they were delivered to plaintiff's agent and salesman. The defense set up is that there was only an agreement to sell, made by and between the defendant and the plaintiff's agent or salesman, which agreement was by its very terms subject to the ratification or rejection of the plaintiff, the contemplated seller; and that the defendant revoked the order for the whiskey and declined to purchase, before the agreement was over ratified or rejected by the plaintiff, and that consequently, in fact and in law, there was no sale—that the contract to sell was not consummated.

It appears without dispute that there was never any delivery in fact of the whisky, but only an offer to deliver, and a declination by the defendant to accept, or receive.

The contention of plaintiff is that the order of purchase, and to ship, was not countermanded until after the agreement by its agent to sell had been ratified, and until it had offered to ship, and that the sale was therefore consummated, and that the defendant was therefore liable as if he had accepted and received the goods.

The evidence of defendant tended to show that he did make an agreement with plaintiff's agent to purchase, and did order the whisky to be shipped him, and did execute the notes sued on, as for the purchase price; but that on the same day, and within

less than an hour, he wrote a letter properly addressed to the plaintiff, with the proper postage affixed, and mailed it promptly; that by this letter he countermanded the order and directed plaintiff not to ship the goods. There was also evidence tending to show that the order for the whisky, and contract to purchase, was mailed at the same time—that is, on the same day—at the same place, viz., Montgomery, Ala.; and that the order and defendant's letter containing the countermand were each addressed to the plaintiff at 200 Fifth avenue, New York City, state of New York.

It was certainly open for the jury to infer, from all the evidence offered, that both the order for the whisky which was subject to the approval or rejection of the plaintiff, and the alleged letter countermnading the order, left Montgomery, Ala., or were mailed in Montgomery, addressed to the same party at the same destination, on the same day, and within a half hour of the same time.

The question of law involved is whether or not the jury could infer that the plaintiff received the countermanding order, before the acceptance of the order. There is no direct and specific proof of this fact; and, in fact, the plaintiff denies so receiving the countermanding order, before acceptance.

The trial court evidently ruled that the evidence was conclusive of this question, or that there was no just inference for the jury to draw that the countermanding order was received by plaintiff before the acceptance of the order. We conclude this, from the fact that the trial court gave the affirmative charge for the plaintiff.

The order or contract of purchase was unquestionably conditional. It was as follows:

"Montgomery, Ala., Oct. 17th, 1912.

"Empire Distillery Co., B. K. Bloch, Prop., 200 Fifth Avenue, New York—Gentlemen: I have this day bought of you through Mr. H. Kramer, 5 barrels whisky in bond, and have received warehouse contract certificate covering said whisky as follows:

| No. W. C. C. | BRAND | Age | Proof Gallons | Pr. Per Gal. | Total |
|---|---|---|---|---|---|
| 28400 | Old Empire | 7 | 235.35 | 90 | 211.81 |

"Cash $ No and notes for $211.81. Said whisky or its equivalent is to be sent, upon my order on compliance with terms of contract and after payment of notes as they mature. This order slip together with said certificate constitute the complete contract, no other agreement being recognized, said contract being subject to the approval of your home office and to be binding upon you only upon receipt by your home office of all moneys and notes paid hereon.

"Lee Holmes,
"(Signature of purchaser)
"144 Mobile St.,
"(Address)."

Kramer testifies that he sent this order and these notes to plaintiff at New York by mail, and must have sent them after they were signed. The defendant, after testifying to having signed the order and notes, and to the agent's leaving his office, further testified in part as follows:

"About half an hour after Mr. Kramer left my office, I wrote a letter to the Empire Distillery Company addressing it to 200 Fifth avenue, New York City, countermanding the order which I had just given their agent, Mr. Kramer. This letter was deposited by me in the United States mail postage prepaid. A few days after this I received through the mail a circular letter from B. K. Bloch on a letter head of the Empire Distillery Company sending me a certificate substantially the same as that attached as Exhibit D to the deposition of Mr. Kramer in this case. I immediately returned this certificate to the Empire Distillery Company, and told them that I had nothing to do with it, as I had previously countermanded the order. They sent the certificate back to me, and I promptly returned it to them again. They sent it back, and I sent it to them once more, and my recollection is that they returned it still another time. I immediately mailed it back to the distillery company and have not seen it since. The Empire Distillery Company has never offered to deliver the whisky to me, nor have they ever told me that they had put aside any whisky for me, except as shown in the circular letter dated October 19, 1912, a copy of which is attached as Exhibit C to Mr. Kramer's deposition."

(1) If the plaintiff received the countermanding order before acceptance of the order of purchase, then the plaintiff cannot recover in this action, because the sale was never consummated,

the two minds contracting never met at the same time. The defendant had the right to countermand at any time before acceptance.

What was said by this court in the case of *Gould v. Cates Chair Co.*, 147 Ala. 634, 41 South. 675, is applicable and conclusive of this question of law—that is, the right of defendant to countermand: "The defendant could have countermanded his order at any time before the goods were shipped, and the plaintiff could have refused to accept the order. Neither party had become bound by anything then done. The order of defendant was a mere proposal, to be accepted or not as the plaintiff might see fit, and he could have withdrawn it before its acceptance. The minds of the parties had not met, and there had been no mutual assent or aggregatio mentium.—Benj. on Sales, §§ 40, 70."

(2, 3) Did the defendant in this case in fact countermand the order before acceptance, and before shipment? The goods were never shipped, but plaintiff says the order was accepted, and there is no positive proof that the countermand was received before acceptance.

The evidence of the defendant in this case was sufficient to carry the case to the jury, as to whether or not there was a revocation of the order before an acceptance by the plaintiff.

In this country the mail service is regulated and carried on by law; and by common experience and common consent it is established, from the regularity of the service, that it may be inferred that letters mailed or posted at the same time and place, and addressed to the same party at the same place, will be transported by the mails with the same regularity. When certain necessary conditions (shown in this case) are complied with, the mailing of the letter or other posted matter gives rise to or authorizes the inference that it arrived at its destination in due course of mail. The rule has been thus stated by this court:

"The presumption of law is that a letter, postage prepaid, mailed to one at the place of his residence, or at the place he usually receives his letters, was received by him. This presumption, however, is rebuttable by proof.—*Steiner v. Ellis*, 7 South. 803; *O'Connor Min. & Mfg. Co. v. Dickson*, 112 Ala. 304, 20 South. 413; *De Jarnette v. McDaniel*, 93 Ala. 215, 9 South. 570; 1 Green. Ev. § 40."—*Pioneer Co. v. Thompson*, 115 Ala. 552-557, 22 South. 511.

The same rule is stated by Mr. Chamberlayne, in his recent work on Evidence (volume 2, § 1057) ; and in note he quotes the

[Sovereign Camp W. O. W. v. Ward.]

following: "The depositing in the post office of a letter properly addressed, with the postage prepaid, is prima facie evidence that the person to whom it was addressed received it. The fact that the defendants had no additional proof that the letters were actually received by the plaintiff is immaterial. The evidence that letters were so deposited was competent, and should have been submitted to the jury to be weighed by them in connection with the other evidence in the case. They alone have the right to decide whether the inference that the letters were received, founded upon the probability that the officers of the government will do their duty, and that letters will be duly delivered, is overcome by the other evidence."—*Briggs v. Hervey,* 130 Mass. 186 (1881).

"It is well settled that the fact of depositing, in the post office, a properly addressed, prepaid letter, raises a natural presumption, founded in common experience, that it reaches its destination by due course of mail. In other words, it is prima facie evidence that it was received by the person to whom it was addressed; but that prima facie proof may be rebutted by evidence showing that it was not received. The question is necessarily one of fact, solely for the determination of the jury, under all the evidence."—*Whitmore v. Dwelling House Ins. Co.,* 148 Pa. 405, 23 Atl. 1131, 33 Am. St. Rep. 838 (1892).

The judgment of the court below is reversed, and the cause is remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.