### CALKINS v. VAUGHAN.   (3 Div. 791.)

Supreme Court of Alabama.   June 15, 1927.

Rehearing Granted Oct. 27, 1927.   Rehearing Denied Dec. 15, 1927.

**1. Bills and notes ⬤═▷486—In action on note, plaintiff's allegation of indorser's promise to pay, after omission of presentment and notice of dishonor, held defective, in not alleging knowledge of nonpresentment and nonpayment.**

In action on note, in which defendant indorser alleged failure to make presentment or serve notice of dishonor, plaintiff's allegation that, after alleged omissions, defendant promised to pay note, *held* defective, in not averring defendant's knowledge of nonpresentment and nonpayment when he promised to pay.

**2. Bills and notes ⬤═▷519—Evidence held to show that indorser of note was accommodation indorser, entitled to have presentment and notice of dishonor (Code 1923, §§ 9096, 9106, 9114, 9135).**

In action on note, evidence *held* to show that defendant was accommodation indorser for benefit of maker, with all rights of any indorser as to presentment and notice of dishonor, under Code 1923, §§ 9096, 9114; sections 9106 and 9135, relative to indorser for whose accommodation note was given, being inapplicable.

**3. Bills and notes ⬤═▷404(1)—That maker of note has no funds at bank designated for payment excuses presentment during banking hours, but presentment must be made before bank is closed (Code 1923, § 9101).**

That maker of note has no funds at bank designated as place of payment excuses presentment there during banking hours, but presentment is nevertheless required to be made at some time before bank is closed, in view of Code 1923, § 9101.

**4. Bills and notes ⬤═▷397—Maker's insolvency at time for payment does not excuse presentment of note.**

That maker is insolvent at time for payment does not excuse presentment of note at time and place specified.

**5. Bills and notes ⬤═▷403—Presentment of note must be made at place specified, if possible in exercise of reasonable diligence (Code 1923, §§ 9099, 9108).**

Where place for payment is specified in note, presentment must be made there, if it can be done by exercise of reasonable diligence, in view of Code 1923, §§ 9099, 9108.

**6. Bills and notes ⬤═▷397—Where bank, designated as place for payment of note, went out of business, presentment there was excused, and personal presentment to maker not required.**

Where bank, stipulated as place of payment in note, had ceased to function and gone out of business, it had ceased to exist in business sense, so that presentment there was excused,

and personal presentment to maker at another place was not required.

#### On Rehearing.

**7. Bills and notes ⬤═▷537(7)—Whether letter to accommodation indorser, advising of maker's failure to pay note, was mailed as claimed, held for jury (Code 1923, § 9128).**

In action on note, question whether letter to accommodation indorser, advising of maker's failure to pay note as notice of dishonor, was mailed, where plaintiff's attorney testified that he mailed such letter, properly addressed and stamped, and addressee testified that he never received it, *held* for jury, since Code 1923, § 9128, does not foreclose issue of fact as to mailing of notice.

**8. Evidence ⬤═▷89—Proof that letter, claimed properly addressed, stamped, and mailed, was not received, warrants finding that it was never posted.**

Proof that letter, claimed properly addressed, stamped, and mailed, was not received by addressee, warrants finding that it was never posted, since presumption arising from known regularity of United States mail service is as available for supposed receiver of letter as for alleged sender thereof.

**9. Appeal and error ⬤═▷831—Supreme Court, convinced of its own error, may of its own motion restore cause to docket and reconsider its rulings.**

Where appellee is not entitled as matter of right to make application for rehearing, not having filed any brief on original submission, court, being clearly convinced of its own error, may of its own motion restore cause to docket and reconsider its rulings on their merits.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action on a note by Frank Calkins against W. H. Vaughan. From a judgment granting defendant's motion for a new trial, plaintiff appeals. Affirmed on rehearing.

The action is on a promissory note. The complaint is in nine counts, variously charging the defendant with liability as maker, as indorser, as accommodated indorser, and as joint maker with one L. B. Stanley, and showing that the note is a negotiable instrument, payable to plaintiff on April 27, 1923, at the Merchants' Bank at Montgomery, Ala.

The defendant pleaded the general issue and 35 special pleas, of which 8 were held good on demurrer. These set up separately the defenses that the note is negotiable paper, and that no notice of its dishonor was given within the time required by law; that presentment for payment was not made at the place of payment on the day of maturity; that presentment for payment was not made to any person at the place of payment, nor to the maker at any place, on the day of maturity; that no steps were taken by the plaintiff to insure presentment to the maker,

or at the place of payment; and that no steps were taken by the plaintiff to insure notice to defendant of the dishonor of the note, after presentment at the place of payment.

The plaintiff joined issue on the pleas, and filed 11 special replications, setting up, substantially, that: (1) On October 1, 1923, after maturity of the note, defendant promised plaintiff he would pay the note; (2) the note was made for the accommodation of defendant, and therefore he was not discharged by want of presentment or notice; (3) for 16 months prior to maturity of the note, said Merchants' Bank had been closed, and was in liquidation in the hands of the state banking department; (4) that at said maturity the maker, Stanley, had no funds in said bank, and had made no provision thereat for payment of the note, and defendant knew that said bank had been closed and was in liquidation; (5) the note was made for defendant's accommodation, and he had no reason to expect its payment if presented at maturity for payment; (6) the note was made for defendant's accommodation, and long before its maturity the maker moved to Hileah, Fla., leaving no funds in the bank where payable, and said bank had long before gone into liquidation, and said Stanley had become insolvent, and plaintiff, on April 27, 1923, mailed to defendant at his place of business in Montgomery, from Chicago, a letter fully postpaid, notifying him of the nonpayment of the note. Numerous grounds of demurrer were severally assigned to these replications, and all were overruled.

The evidence showed without dispute that the note in suit was made and indorsed under the following circumstances and considerations: The defendant and said Stanley separately sold to plaintiff blocks of stock in a farm enterprise organized by defendant, for which plaintiff actually paid in cash $7,000; but, for the protection of plaintiff's investment, they entered into a written agreement with plaintiff reciting the sale by them to plaintiff of 50 shares of Gary Farms Company for $16,666.66, and providing:

"It is further agreed that, if the said Frank Calkins (plaintiff) decides to sell said stock within 12 months from the date hereof, the said W. H. Vaughan and L. B. Stanley shall purchase the same at and for the said sum of $16,666.66, but, in the event they are unable to pay the cash money at the time the offer is made, they have the option to take said stock and give their note, collectively or individually, payable to the said ,Frank Calkins on or before two years from April 27, 1921, with 3 per cent. interest."

Plaintiff elected to sell the stock back to Vaughan and Stanley, and the transaction was adjusted by Vaughan giving his note to plaintiff for $3,585.83, without any indorsement by Stanley; and by Stanley giving to plaintiff the note in suit, indorsed by Vaughan. Vaughan was requested to sign the note as maker, but declined to do so.

The evidence showed that the said Merchants' Bank was closed and went into liquidation in December, 1921, which condition still continues; that it did no further business as a bank; and that its liquidating agent maintained an office for that purpose in Montgomery. It further showed that Stanley, the maker of the note, moved to Florida some time before April 27, 1923, and that he was insolvent and a bankrupt on that date —facts unknown to Vaughan.

No presentment of the note for payment was made or attempted; but Mr. Olson, plaintiff's Chicago attorney, who was employed to collect the note, testified that on April 27, 1923, he wrote and posted at Chicago a properly addressed and stamped letter to defendant Vaughan, at Montgomery, advising him that the maker of the note had failed to pay it on its maturity, and demanding payment by Vaughan, and that on May 1, 1923, he wrote to the Merchants' Bank, at Montgomery, asking if it could handle the note for collection. He stated that he received no reply to either of these letters, and that neither of them was returned.

Mr. Ball, of counsel for plaintiff, testified that before this suit was filed, and after maturity of the note, defendant discussed the matter of the note with him, and stated that he had no defense against it, and promised to pay it—asking for indulgences as to time. Defendant denied that he promised to pay the note as claimed.

The trial judge, on request, gave the general affirmative charge for plaintiff, and there was verdict and judgment for plaintiff for $4,686. Thereupon defendant moved for a new trial because of error in the verdict and judgment, and in the rulings of the court, and in the giving affirmative charge. This motion was granted, and the judgment set aside, and plaintiff appeals from that order and judgment.

Ball & Ball, of Montgomery, for appellant.

Where the trial court would have been justified in giving the affirmative charge for plaintiff, the defendant cannot complain of errors made in the course of the trial. Chandler v. Pope, 205 Ala. 49, 87 So. 539; Hood v. Warren, 205 Ala. 332, 87 So. 524; Bruce v. Citizens' National Bank, 185 Ala. 221, 64 So. 82. Presentment for payment is not required in order to charge the drawer, where he has no right to expect or require that the drawee or acceptor will pay the instrument. Code 1923, § 9105. Presentment for payment is not required, in order to charge an indorser, where the instrument was made or accepted for his accommodation, and he has no reason to expect that the instrument will be paid, if presented. Code 1923, § 9106; Morris v. Birmingham Nat. Bank, 93 Ala. 511, 9 So. 606;

Bergen·v. Trimble, 130 Md. 559, 101 A. 137; Murray v. St. L. Bank (C. C. A.) 234 F. 481; Becker v. Hofsommer, 186 Ill. App. 553; Webster v. Mitchell (C. C.) 22 F. 869; Am. Nat. Bank v. Junk Bros., 94 Tenn. 624, 30 S. W. 753, 28 L. R. A. 492; Brown v. Crofton (Ky.) 76 S. W. 372; Code 1923, § 9135; Galbraith v. Shepard, 43 Wash. 698, 86 P. 1113. The loan for which a note is given need not be for the sole benefit of the indorser; it is enough if it is partly for his benefit. Bergen v. Trimble, supra; Mercantile Bank v. Busby, 120 Tenn. 652, 113 S. W. 390. Parol evidence is admissible to show the note was given for indorser's benefit. Nolan v. Brown, 152 La. 333, 93 So. 113. Appellant was in effect a maker or partner. Long v. Gwin, 188 Ala. 196, 66 So. 88; Id., 202 Ala. 358, 80 So. 440; Eudora Co. v. Barclay, 122 Ala. 506, 26 So. 113; Becker v. Hofsommer, supra. There was no reasonable ground to expect the note to be paid, if presented at the place specified, that bank having failed. Morris v. Bank, supra; Murray v. Bank, supra; Meyers v. Battle, 170 N. C. 168, 86 S. E. 1034; Fosdick v. Government, 115 Wash. 127, 196 P. 652.

James S. Parrish, of Montgomery, for appellee.

Brief did not reach the Reporter.

SOMERVILLE, J. The pleadings in this case are unnecessarily voluminous, and we shall not undertake to deal with them in a detailed and technical way.

The action is a simple one to recover on a promissory note; the theory of· defendant's liability being, as stated in the several counts, that he executed the note as a maker, or as an ordinary indorser, or as an *accommodated* (not accommodation) indorser.

The special defenses set up are (1) that presentment for payment was not made at all, or not properly made, and (2) that notice of. nonpayment or dishonor by the maker, Stanley, was not seasonably given to defendant, who was an indorser merely.

The replications offered in avoidance of these defenses are (1) that, after those alleged omissions of presentment and of notice of dishonor, defendant promised, nevertheless, to pay the note; ·(2) defendant was an *accommodated* indorser, and, being primarily liable, as between himself and the maker, and having no right to expect payment by the latter, he was not injured by nonpresentment to the maker, nor by want of notice of dishonor, and was not discharged from liability by either of those omissions; (3) that the place of payment, the Merchants' Bank, had long before ceased to exist as such, thereby excusing presentment there; that the maker, Stanley, had long before moved to Florida, thereby excusing the alternative duty of presentment to him in person; and (4) that plaintiff, in fact, gave defendant no-

tice of the dishonor of the note, by letter mailed to him on the day of maturity. The pleas are filed indiscriminately "to the complaint," and the replications are filed to the pleas en masse.

[1] Replication numbered 2, epitomized in (1) above, was bad in not averring that defendant had knowledge of the facts of nonpresentment and nonpayment when he promised to pay. Sherrod v. Rhodes, 5 Ala. 683, 689. The demurrer aptly pointed out this defect, and should have been sustained. This error, however, was not material to the result, and need not be further noticed.

[2] We gather from appellant's brief, and from the evidence in the record, that the question of controlling importance in determining the propriety, vel non, of the affirmative charge for plaintiff, was whether defendant was an *accommodated* indorser, and the maker an accommodation maker merely, or whether defendant was an *accommodation* indorser for the benefit of the maker.

If the former, he was himself under obligation to take up the note, and after so doing would have had no remedy against the nominal maker, Stanley. "Consequently, being without legal possibility of injury, he is not entitled to formal demand or notice of dishonor." 8 Corp. Jur. 285, § 447. The Negotiable Instruments Law itself dispenses with presentment for payment (Code, § 9106), and with notice of dishonor (Code, § 9135), as to an indorser or other party for whose accommodation the note was given.

But the evidence, which we have considered very carefully, leads us to the conclusion, as a matter of law, that defendant was an accommodation indorser for the benefit of the maker, Stanley, who was primarily obligated to pay the note, and upon whom defendant was entitled to recourse, if he himself was compelled to pay it. Had defendant and Stanley merely exchanged indorsements of their respective notes, given for a consideration beneficial to both of them, and both notes remaining unpaid, our conclusion might, perhaps, be different. But Stanley did not indorse defendant's note, and defendant himself paid it; and the consideration for each note, severally, was the retransfer by the payee to each maker, severally, of the particular corporation stock purchased from him. These facts · forbid the conclusion that Stanley made the note for the accommodation of defendant.

It results that, defendant had all the rights of any indorser, as to the presentment of the note for payment, and as to seasonable notice of its dishonor. Code, §§ 9096, 9114.

As to ·notice of dishonor, plaintiff's duly authorized attorney, Mr. Olson, testified that he mailed a properly stamped and addressed letter from Chicago, on April 27, 1923 (the date the note was payable), to defendant, at Montgomery (his residence), ad-

vising him of Stanley's failure to pay the note, and demanding payment by defendant. On this testimony, which was not disputed, "the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails." Code, § 9128. Clearly, therefore, plaintiff was entitled to an affirmative instruction on that issue.

[3-5] As to the duty of the holder of this note to present it for payment at the time and place specified, the following points are settled: (1) The fact that the maker has no funds at the bank designated as the place of payment excuses presentment there during banking hours, but presentment is nevertheless required to be made at some time before the bank is closed. Code, § 9101. (2) The fact that the maker is insolvent at the time for payment does not excuse presentment at the time and place specified. Stocking v. Conway, 1 Port. (Ala.) 260; Lee Bank v. Spencer, 6 Metc. (Mass.) 308, 39 Am. Dec. 734; 8 Corp. Jur. 689, § 963, and cases cited in note 57. (3) Where a place for payment is specified, presentment must be made there (Code, § 9099), if it can be done by the exercise of reasonable diligence (Code, § 9108). (4) If the place specified has ceased to exist, presentment there will be excused; and in that case personal presentment to the maker at another place is not required. Roberts v. Mason, 1 Ala. 373.

[6] The decisive question here is whether the specified place of payment—the Merchants' Bank of Montgomery—had ceased to exist, in such sense as to excuse presentment of the note for payment. That question, it seems to us, permits of only one answer. The Merchants' Bank had gone out of business, and ceased to function as a bank. In a business sense—in the sense in which it was designated in the note, and known to the public—it had utterly ceased to exist. It was not continued as a place of business, or as a place where negotiable instruments could be presented, and handled, and paid, by the fact that a liquidating agent, operating under the authority of the state banking department, maintained an office somewhere in Montgomery for the purpose solely of winding up its affairs.

We are constrained to the conclusion that the Merchants' Bank, as a place for presentment and payment, had ceased to exist, and that plaintiff was excused from making presentment there, and was not required to make it elsewhere.

Our final conclusion is that the general affirmative charge was properly given for plaintiff, and that the trial court erroneously granted a new trial to defendant.

The judgment in that behalf will be reversed and set aside, and the judgment for plaintiff will stand as originally rendered.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

## On Rehearing.

SOMERVILLE, J. [7, 8] The justification of the general affirmative charge for the plaintiff depended, as stated in the foregoing opinion, upon the proposition, there affirmed, that there was nothing in the evidence in conflict with the testimony of plaintiff's attorney, Olson, that he mailed to the defendant, Vaughan, on April 27, 1923, a notice of the dishonor of the note by its maker, Stanley, by nonpayment at maturity, with a demand upon Vaughan for its payment. In that view of the evidence the court, as we are now satisfied, gave an unwarranted effect to section 9128 of the Code, which provides that a seasonable mailing of the notice of dishonor is sufficient, notwithstanding its miscarriage in the mails. The statute does not foreclose the issue of fact as to the mailing of the notice, and, in view of the presumption that every letter, properly addressed and stamped, is duly transported and delivered to the addressee, the addressee's testimony that he never received it is some evidence that it was never mailed as claimed, and leaves the issue for the jury to determine. As declared by the Supreme Court of New Hampshire:

"The presumption arising from the known regularity of the United States mail service is as available for the supposed receiver of a letter as for the alleged sender thereof. If proof that a properly addressed and stamped letter was posted gives rise to a presumption that it was received in due course, * * * so proof that no letter was received warrants a finding that it was never posted. If this plaintiff's testimony denying the receipt of the letter was believed, the jury would be warranted in going further and finding that the letter was not posted." Wilson v. Frankfort, etc., Co., 77 N. H. 344, 91 A. 913; 22 Corp. Jur. 102, § 9.

The question as to the *fact of posting* the letter, its receipt being denied by the addressee, was there held to have been properly submitted to the jury; and, on the same denial by the defendant, Vaughan, in this case, we are constrained to hold—the entire bench now sitting—that the general affirmative charge for the plaintiff was improperly given, and that the trial court properly set the judgment for plaintiff aside and ordered a new trial.

This conclusion is greatly strengthened by the testimony of B. F. Noble, receiver for the bankrupt bank, and of the defendant Stanley, respectively, that neither of them received the letter which Olson testified he wrote and posted to each severally, properly stamped and addressed, at or about the time he, as alleged, wrote and posted the letter to Vaughan—pertinent contradictions of Olson, to which the jury might give substantial weight.

[9] The appellee, it may be suggested, was not entitled, as a matter of right, to make application for a rehearing, not having filed any brief on the original submission. However, when this court is clearly convinced of its own error, it may and should, of its own motion, restore a cause to the docket and reconsider its rulings on their merits. It results that the judgment of reversal will be set aside, and a judgment will be here rendered, affirming the judgment of the circuit court in the premises.

Rehearing granted, judgment of reversal set aside, and judgment affirmed.

All the Justices concur.