(137 So. 393)

## HOME INS. CO. OF NEW YORK v. MURPHY.

### 4 Div. 479.

Supreme Court of Alabama.
Oct. 8, 1931.

Rehearing Denied Nov. 19, 1931.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Frank M. deGraffenried, of Seale, for appellee.

FOSTER, J.

This is an action at law by appellee on a policy of insurance against the theft of an automobile. The policy contains the following clause as to notice and proof: "Notice and Proof of Loss. In the event of loss or damage the assured shall give forth notice thereof in writing to this company; and within sixty (60) days after such loss, unless such time is extended in writing by this company shall render a statement to this company signed and sworn to by the assured stating the place, time and cause of the loss or damage, the interest of the assured and of all others in the property, the sound value thereof and the amount of loss or damage thereon, all encumbrances thereon, and all other insurance whether valid or not covering said property."

And their effect upon a suit on the policy as follows: "No suit or action on this policy or for the recovery of any claim hereunder be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements."

Defendant's plea was in short by consent, with leave "to give in evidence any matter that might be given in evidence in support as if well pleaded in extenso defense * * * which said defenses by defendant are as follows: (1) Fraud on part of plaintiff in participating in and procuring the alleged theft. (2) Fraud on the part of plaintiff in refusing to identify and receive the alleged car when tendered to him. (3) Failure to make and give proof of loss as required by policy. (4) General denial."

█ Appellant insists it was due the general charge, because the evidence showed that there was no proof of loss within the requirements of the policy.

In our recent case of Westchester Fire Ins. Co. v. Green, 134 So. 881,[1] we took occasion to refer to the rule that, unless the policy stipulates that the failure in this respect is a condition of forfeiture, or prescribes a penalty which should be so construed, a breach has the effect merely to postpone the time of bringing suit until such proof is made; and that under those circumstances a plea averring the breach is one in abatement. See, also, L. & L. & G. Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880. We also referred to the rule that, when a plea in abatement and one in bar are filed at the same time, plaintiff could either move to strike the plea in abatement or treat it as a nullity. And, as the pleading in that case was in that condition, the plea in abatement would be disregarded if no further notice was given it.

█ The consent that the pleas may be in short and not written at length will not affect that question nor their nature as in bar and abatement. With such consent, the pleas are merely as though written in extenso. If so written and filed, the plea in abatement may be treated as a nullity. So treated, defendant was not due the general charge based upon it.

█ Moreover, the evidence shows that plaintiff gave defendant notice in writing, within sixty days after the car was stolen, that it had been stolen. There is evidence from which it may be inferred that adjusters for defendant sought out and found the Cryder car, and undertook to satisfy plaintiff that it was his stolen car, and to accept it as such. But there does not appear to have been any objection to the notice, nor its contents and sufficiency, but the jury could infer that defendant resisted payment solely because of the refusal of plaintiff to accept a return of

the car. In this connection plaintiff was called upon to lose time and labor in trying to determine if the Cryder car was his. Under such circumstances, the jury could find that the requirement in the policy that proof of a certain nature be furnished had been waived. Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 So. 852, Ann. Cas. 1914D, 377; Central Ins. Co. v. Oates, 86 Ala. 568, 6 So. 84; Capital City Ins. Co. v. Caldwell Bros., 95 Ala. 77, 10 So. 355; Indemnity Co. of America v. Pugh, 222 Ala. 251, 132 So. 165.

So that the general charge was not due defendant on that theory.

█ There was no tendency of the evidence that the car was taken from the possession of plaintiff to be held pending the attempted collection of insurance. Therefore refused charge 3 is abstract, and properly refused.

█ A car was found in possession of a Columbus, Ga., party named Cryder similar in many respects to that of plaintiff alleged to be stolen. This car was seized at the instance of defendant, and there was much evidence on the subject of its identity as that of plaintiff. Plaintiff would not accept it as his own. It does not appear that he could have retained it against Cryder, if plaintiff had been willing to accept it. The issue to which most of the evidence related was as to its identity as that of plaintiff. There was much evidence having conflicting tendencies in that respect. But the facts developed to the effect that plaintiff would not accept it as his, that the numbers on it had been changed, and that it had been repainted, did not without more tend to show that it was temporarily removed to enable plaintiff to collect the insurance. Even if it were his car, there is nothing to indicate that he was a party to the changes which had been made in its appearance. For the same reason there cannot be said to be any evidence to sustain refused charge No. 2.

█ The car referred to in that charge was the one found in possession of Cryder, with the numbers changed. But the only circumstance from which it could be supposed that plaintiff had anything to do with or participated in it being taken out of his yard was the fact that he did not recognize it as his when the agents of defendant sought to convince him that it was. The jury could reasonably find that it was not his car. A presumption of innocence applies in civil as in criminal cases. Mutual Life Ins. Co. v. Maddox, 221 Ala. 292, 128 So. 383. We are not therefore impressed that the circumstances could fairly justify the conclusion, as a reasonable inference, that plaintiff was a party to the act of its removal in order to collect the insurance.

We have discussed all those assignments of error which are insisted upon in the brief

[1] Ante, p. 121.

568

filed for appellant. We do not think that any of them show reversible error.

The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

