165 So. 834

# FRANKLIN LIFE INS. CO. v. BRANTLEY.

## 4 Div. 848.

### Supreme Court of Alabama.

### Jan. 23, 1936.

### Rehearing Denied March 5, 1936.

Ballard & Ballard and Steiner, Crum & Weil, all of Montgomery, for appellant.

555

Walters & Walters, of Troy, for appellee.

THOMAS, Justice.

The suit was on a policy of insurance for disability benefit.

The case was submitted on count B and other pleadings in short by consent.

■ It is established that, when a contract is clearly stated and expresses the intent of the parties, it will be so applied. McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Northam v. Metropolitan Life Ins. Co., ante, p. 105, 163 So. 635; Irwin v. Baggett et al., ante, p. 324, 164 So. 745.

■ Appellant propounds the question of the failure of proof as to the making of due proof of disability and that of the waiver of indorsement of approval of proof, if made, upon the policy. In the instant pleading, the obligation to pay the benefit is predicated upon receipt of due proof of disability, and casts upon the plaintiff the burden of showing that such due proof was made and given appellant as averred in count B. New York Life Ins. Co. v. Sinquefield, ante, p. 186, 163 So. 812; Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248.

In the Sinquefield Case, supra, it is declared that the obligation to pay disability benefits did not rest wholly upon the existence of disability, but upon the receipt by the company of due proof of disability, definitely made a condition precedent to an assumption by the insurer of the payment of such a benefit. The same rule was declared to obtain as to fire insurance in Central City Insurance Co. v. Oates, 86 Ala. 558, 6 So. 83, 11 Am.St.Rep. 67.

■ It follows that, if there is prima facie evidence to the effect that due proof of disability was given defendant and there was no objection made to the proof of disability and notice given nor ' objection as to its sufficiency or contents, the jury, on the whole evidence, could infer the defendant had waived such insufficiency or that it declined or resisted payment on other grounds than that of the sufficiency of the claim made or notice or proof given. Globe & Rutgers Fire Ins. Co. v. Pappas et al., 219 Ala. 332, 122 So. 346; Home Ins. Co. of New York v. Murphy, 223 Ala. 566, 137 So. 393; Rhode Island Ins. Co. of Providence, R. I. v. Holley, 226 Ala. 320, 146 So. 817; National Surety Co. v. Julian, 227 Ala. 472, 150 So. 474; 7 Cooley's Briefs (2d Ed.) 578, 579; 33 C.J. p. 27.

■ It has been declared that there is a presumption, not conclusive, of prompt delivery of a letter mailed in the absence of evidence to the contrary (Corley v. Vizard et al., 203 Ala. 564, 84 So. 299; Holmes v. Bloch, 196 Ala. 322, 71 So. 670); that is, that a letter properly addressed, stamped, and mailed is presumed to have been received by the addressee. Whether it is so mailed or received becomes a jury question. Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66; Calkins v. Vaughan, 217 Ala. 56, 114 So. 570; Holmes v. Bloch, supra; Pioneer Savings & Loan Co. v. Thompson, 115 Ala. 552, 22 So. 511; De Jarnette v. McDaniel, 93 Ala. 215, 9 So. 570; 22 C.J. p. 102, § 9.

What, then, of the failure to give the general affirmative charge requested in writing by the defendant? McMillan v. Aiken et al., 205 Ala. 35, 40, 88 So. 135. This inquiry embraces the questions of fact or finding of the jury: (1) That due proof of disability was furnished as required by the policy and averred in the pleading; (2) the approval of due proof as alleged in count B; and (3) that the waiver alleged in said count is shown.

■ The written statements of the disability claimed were filled out on the company's blanks in the office of the defendant's general agent and duly mailed by such general agent to defendant's home office about December, 1929. This made a prima facie case for plaintiff of giving due proof to defendant and showing that such due proof was received by defendant in due course of mail or on a reasonably convenient date after posting, and placed upon the defendant the duty to approve as the contract stipulated or to disapprove. Such was the presumption that arose, placing upon defendant the duty of going forward with the evidence. Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66; Calkins v. Vaughan, 217 Ala. 56, 114 So. 570. The record is silent as to evidence of disapproval by appellant, rebutting this prima facie presumption. This tendency of evidence made a jury question within the rule of our cases. McMillan v. Aiken et al., supra.

■ The defendant's general agent in this state who attended to the preliminary proof in said matter made statements that amounted to a waiver or estoppel. The evidence given by plaintiff, without objection, is as follows: "My policies have been in the hands of W. B. Folmar & Sons since 1928. I left both of my policies down there. They are the policies I am suing on in this case. I saw Mr. Bibb Folmar again during the latter part of December, 1929. I went in there and asked

him if he had heard any more from the claim papers, and he said: 'No, I haven't.' He said: 'We haven't heard anything from them.' He said: 'Everything is all right; you needn't worry about it.' He said: 'Everything is all right; your disability will be all right and you need not worry about it.' I didn't do anything more about it at that time. * * * During the year 1930, and right on up to the time W. B. Folmar & Sons gave up the State Managership of the Franklin Life Insurance Company, I saw Bibb Folmar off and on about my claim. He told me he was going to look after it; that he was going to see about it, and he would put me off this time and that time, and said don't worry about it. The last premium that I paid was back in 1930, and they told me that I would not have to pay, that I wouldn't have any more trouble, and that the premiums were all waived. *I paid it and they said: 'You can go ahead and pay it, but it will be refunded to you.'* Mr. Bibb Folmar told me that and that the premiums were waived. They never paid me, and I received nothing but a lot of promises." (Italics supplied.)

This was sufficient for the jury to rest thereon the defense of waiver or estoppel. Piedmont & Arlington Life Insurance Company v. Young, 58 Ala. 476, 29 Am. Rep. 770; 21 C.J. p. 1060, § 2; 32 C.J. p. 1315, § 565.

■ These statements, introduced without objection, became evidence (2 Jones on Evidence, p. 634, § 297), and were subject to the inference by the jury that due proof had been made, received, and the claim approved. National Life Insurance Co. of United States of America v. Reedy et al., 217 Ala. 114, 115 So. 8.

■ In Piedmont & Arlington Life Insurance Company v. Young, 58 Ala. 476, 487, 488, 29 Am.Rep. 770, Mr. Chief Justice Stone observed:

"The policy, in the present case, shows on its face that it is of the class called 'participating.'—See 1 Phil. on Ins. 47; Patch v. Phœnix Mut. Life Ins. Co., 44 Vt. 481. We think Mr. Young so understood it at the time it was applied for and obtained, and there is no evidence in the record tending to show the contrary. * * *

"The present case presents strong claims to our consideration favorable to the assured. It is proved, and not denied, that

in December, 1871, Young, the assured, notified Walker, the agent, from or through whom he had obtained the insurance, that he would pay no more premiums, and that he wanted a paid-up policy. Walker was still the agent of the defendant corporation. Instead of informing Young that his policy was non-participating and hence, not of a class which authorized him to obtain a paid-up policy; and instead of informing him that he must make his application in writing, Mr. Walker, the agent, replied that it was all right, and he would attend to it. This was a month before any default in the non-payment of premium. Walker was frequently afterwards called on to know if the paid-up policy had arrived, and at no time intimated a doubt of Young's right to it. When he first communicated Young's request to the insurance company in Virginia, is not shown. * * *

"We hold that the conduct of the agent in this case, and of the insurance company, estops the latter from denying that the demand of a paid-up policy was rightly made, even if such estoppel were necessary to protect his right, which we do not assert."

This has application to the pleading in short employed and the introduction in evidence of the foregoing statements by the general agent of defendant. It will be remembered that all pleadings except count B were in short by consent, and so of appellee's replications to such pleas. This method of pleading was sufficient to admit evidence of waiver or estoppel as answer to the pleas in question.

It is well insisted, under the circumstances in evidence, that due proof of the claim of disability was made or that the evidence made for plaintiff a prima facie case that plaintiff prepared due proof of disability on the company's blanks furnished for such purpose by the defendant through its general agent and the latter received and transmitted the same to defendant's home office for action of approval or disapproval. This jury might have inferred and rested their judgment thereon. In the absence of such writing, the inference is that of due proof or a substantial compliance therewith. Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248.

■ The admission in evidence, over objection and exception, of the fact that,

558

on examination of plaintiff by physicians, the latter made statements to him and gave advice on which he acted, was without reversible error. These statements were a part of the res gestæ of the examination that caused him to retire from business, make his claim against the defendant for disability, for which this suit was brought, as well as claims against several other insurance companies, and which claims, or due proof thereof, are in evidence. The material issues of fact were plaintiff's disability vel non and the nature and extent, if he was suffering from disability. 29 C. J. p. 284; Rocci v. Massachusetts Accident Company, 226 Mass. 545, 116 N.E. 477.

In Mutual Life Insurance Company v. Tillman, 84 Tex. 31, 36, 19 S.W. 294, 297, the observation was made that opinions expressed by physicians in the course of their examinations of the patient were in the nature of res gestæ and admissible as "declarations * * * made in the course of their business, and while engaged in a professional duty," and "were coincident business declarations." This is rested upon 1 Wharton on Evidence, § 262. In such a matter, each case must be judged by its own attendant circumstances. 2 Jones on Evidence, §§ 349, 350; 1, Wharton's C.Ev. (10th Ed.) 501, § 262; 10 R.C. L. p. 974; Laws v. State, 209 Ala. 174, 95 So. 819.

We find no error in overruling the motion for a new trial. The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.