## Catharine Kennedy v. Christian Busse.

1. PERSONAL INJURIES—*Medical Attendance—Not a Condition to Recovery.*—An injured person who, from the circumstances, may reasonably believe that his injury is of that character that rest alone will afford a speedy recovery, should not be required to incur heavy expenses of nursing and medical attendance as a condition to his right of recovery of adequate damages from the person doing the wrong.

Trespass on the Case, for personal injuries. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed October 31, 1895.

JAMES C. McSHANE, for plaintiff in error, contended that it is within the province of an appellate court to revise and set aside a verdict for insufficiency, as well as for excessiveness of damages. Paul v. Leyenberger, 17 Ill. App. 168; (S. C., 12 App. 635, and 25 App. 480), citing Robbins v. Hudson R. R. Co., 7 Bosw. (N. Y.) 1; McDonald v. Walter, 40 N. Y. 551; 1 Sutherland on Damages, 810.

It is now settled that a verdict will be set aside as inadequate for the same reasons that justify setting aside if excessive. Sedgwick on Damages (8th ed., par. 1326); 16 Am. & Eng. Ency. 591; Platz v. Cohoes, 8 Abb. (N. C.) 392; Pollock v. Wanamaker, 65 How. Pr. 510; Whitney v. Milwaukee, 65 Wis. 409; Bennett v. Hobro, 72 Cal. 178; Emmons v. Sheldon, 26 Wis. 648; Clapp v. Hudson R. Ry. Co., 19 Barb. 461; Phillips v. S. W. Ry., 5 Q. B. Div. 78.

SCHINTZ & IVES, attorneys for defendant in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This action was brought by the plaintiff in error to recover damages for injuries received by being run over on a street in Chicago, by a horse and wagon driven by the defendant in error.

The jury awarded her a verdict for twenty dollars dam-

ages, and judgment thereon was entered. She now prosecutes this writ of error upon the two principal grounds of insufficiency or inadequacy of the damages, and of an erroneous instruction.

Considering it to be our duty upon the whole record to reverse and remand the cause because of the faulty instruction complained of, we omit all discussion of the facts.

That instruction was as follows:

"The court further instructs the jury that even though they may believe from the evidence that the plaintiff was free from carelessness or negligence, and that the defendant was negligent, and that his negligence caused the injury in question, still it became the duty of the plaintiff thereafter to exercise due and proper care of herself, to procure any medical or other attention which she needed, and which were within her means and power, and if the jury believe from the evidence that the plaintiff did not procure for herself in due season proper medical attention, although she had the means of so doing, and that as a result thereof she became sick and disabled, the defendant can not be held liable for any injury which the jury may believe from the evidence the plaintiff sustained from such failure, if any is shown by the evidence, to procure proper and reasonable medical and professional attention."

There was evidence tending to show that the plaintiff at first thought herself to be but slightly injured, and that the physician who attended her at her home on the same evening that she was hurt, and once again four or five days afterward, was of the same opinion, and she offered to show that for a considerable period after the occurrence she had no medical attention with the exception of the physician's two visits mentioned, because that physician told her that "she would be all right after a little." But the court, upon objection, refused to receive the offered proof.

Under the tendency of the evidence that was in the case, an instruction like the one quoted, which omits all reference to her having knowledge that she needed more care or med-

ical attention than she gave herself, or had reasonable cause for so knowing, was erroneous and prejudicial.

An injured person who, from the circumstances, might reasonably believe that her injury was of a character that rest alone would afford a speedy recovery from, should not be required to incur the heavy expenses of nursing and medical attention as a condition to her right of recovery of adequate damages, if any, against the person doing the wrong.

For the error in the instruction the judgment is reversed and the cause remanded.