## West Chicago Street Railroad Company v. Simon Stephens.

1. CARRIERS OF PASSENGERS—*Knowledge of Defects in Machinery, etc.*—In case of a latent defect in an appliance for the carriage of passengers the question is not whether the carrier had actual notice of it sufficiently long before the accident to have corrected and repaired it, but is whether, by the exercise of that high degree of care required of carriers of passengers, it might have been discovered and remedied.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

RITCHIE, ESHER & WOOLLEY and W. H. DICKSON, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted from a judgment for $3,500, entered upon a verdict for that sum, in an action by appellee to recover damages for personal injuries alleged to have been sustained by him through the negligence of appellant. A former trial had resulted in a verdict for $4,150.

The appellee was a passenger on board of one of appellant's combination grip and passenger cars, containing open seats in the front part where the grip is operated, and, there being no vacant seat, he stood in the alley, between the seats, behind the gripman, and a few feet back from the dashboard of the car.

The car when going at full speed—testified by appellee and not denied, at twelve miles an hour—was suddenly stopped by running against an iron man-hole cover, which

had gotten out of place and protruded above and between the tracks, and the appellee was thrown over the dashboard and to the ground.

The only evidence introduced or offered on the part of the defense was directed to the single question of the extent of the injury suffered by appellee.

Even though we did not regard the evidence as greatly preponderating in favor of the conclusion that appellee's injuries were severe at the time and serious in effect upon him, we should be required to hesitate long before reversing the judgment on account of excessive damages where two so nearly equal verdicts, upon conflicting evidence, had been returned for substantial damages.

Complaint is made of the refusal by the trial court to give nine of the instructions asked by the appellant.

All of such instructions as proceeded upon the theory that the man-hole covering in question had been broken by one of the city fire engines, were based upon a theory not supported by any evidence in the case. Those that proceeded upon the theory that there was no evidence that the defendant had notice that the covering was a defective one, were properly refused, for the reason that the man-hole and cover thereto, being a part of the defendant's track construction, it was presumptively negligence to maintain a covering to it which should occasion injury to its passengers. N. C. Street Ry. Co. v. Cotton, 140 Ill. 486.

Such of the instructions as required the plaintiff to show what part of his injuries were attributable to the original cause, as separated from those due to the lack of care by him in getting cured of them, were either erroneous in whole, as not stating the correct rule of law in regard to the duty one who receives an injury is under, to take reasonable care that his injuries shall not, by undue neglect, become aggravated, or were covered by other instructions given. And besides, such instructions failed to include the element that the plaintiff had knowledge, or reasonable cause for knowing, that he needed better care and attention in getting cured than he gave or caused to be given to himself, and

that such increased care and attention were within his means and power. Kennedy v. Busse, 60 Ill. App. 440.

Those instructions that treated of the subject of latent defects, and notice thereof, were properly refused. They were too broad. In case of a latent defect in one of the appliances for the carriage of passengers, the question is not whether the carrier had actual notice of it sufficiently long before the accident to have corrected and repaired it, but is whether, by the exercise of that high degree of care required of passenger carriers, it might have been discovered and remedied.

We find no error in the refusal of any of appellant's instructions, and there being no substantial error in any part of the record which has been brought to our attention, the judgment of the Circuit Court will be affirmed.