# Birmingham Railway Light & Power Co. v. Anderson.

## Injury to Passenger.

(Decided Nov. 25, 1909.—50 South. 1021.)

1. *Carriers; Passengers; Carrying Beyond Destinatioin.*—When a carrier takes a passenger beyond his destination and stops the train and lets hiim off, a passenger may assume that the place selected is reasonably safe for that purpose.

2. *Damage; Mitigation; Duty of Injured Person.*—It is the duty of one injured by the negligence of another to exercise ordinary care to reduce the damages, and he is bound to take such care of his injury as a reasonably prudent person would do in like circumstances. and can recover only such damages as would have been sustained had such care been taken; but whether one should submit to a surgical operation to effect a cure must depend upon his judgment exercised in good faith.

3. *Same; Mitigation; Burden of Proof.*—The burden is on one sued for injury to prove the contention that the injuries were aggravated by the negligence of the person injured.

4. *Charge of Court; Applicability to Issue.*—Where the action was for injury to a passenger, and the question whether plaintiff's damages should be abated because they had been negligently allowed to accumulate, was not in issue, a charge asserting that it was plaintiff's duty not to aggravate his injuries by negligence and to use reasonable care to cure his hurts, were properly refused as not applicable to the issues, although abstractly correct.

5. *Appeal and Error; Harmless Error; Instruction.*—Where the question of mitigation of damages is not an issue, the giving of charges for plaintiff asserting that his failure, if any. to have a surgical operation performed as promptly as should have been done, cannot be considered to reduce damages to which he was entitled, if any, and that plaintiff owed the defendant no duty to have the surgical operation performed, though erroneous, was harmless.

[Birmingham Railway Light & Power Co. v. Anderson.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by J. C. Anderson against the Birmingham Railway, Light and Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear in the opinion of the court. The following charges were given at the instance of the plaintiff: (2) "Plaintiff's failure, if any, to have a surgical operation as promptly as should have been done, cannot be considered by you as reducing the amount of damages to which plaintiff is entitled, if any." (6) "Plaintiff owed defendant no duty to have the surgical operation." The following charge was refused to the defendant: (2) "It was the duty of the plaintiff not to aggravate his injuries by his own neglect, and to use reasonable care to cure his injuries."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in charging the jury that plaintiff had the right to rely on the presumption that the place selected was reasonably safe for that purpose, to the exclusion of all care on plaintiff's part to discover the stock gap, and that nothing but actual knowledge of its location would charge him with negligence.—*Montgomery St. Ry. Co. v. Mason,* 133 Ala. 526. The court erred in giving plaintiff's charges 2 and 6, and in refusing defendant's charge 2.—13 Cyc. 76; 35 S. W. 392; 65 N. W. 619; 7 S. W. 492; 2 Sedgwick on Damages, sec. 491.

GEORGE HUDDLESTON, for appellee.—The court properly sustained demurrer to plea 3.—*Jones v. Finch,* 128 Ala. 217; *Osborn v. Ala. S. & W. Co.,* 135 Ala. 579; *Jones v. Pioneer M. & M. Co.,* 149 Ala. 402. Plea 3 is not a good plea of contributory negligence.—*Southern Ry. Co. v. Howell,* 135 Ala. 639; *Woodward I. Co. v. Herndon,*

130 Ala. 364. Counsel discuss charges given and refused, but without citation of authority.

SAYRE, J.—Plaintiff's case was that, having been carried somewhat beyond his destination, the car upon which he was a passenger was negligently stopped for him to alight at a place where it was not reasonably safe for him to do so, and that in making the effort to reach the point where, in regular course, he could have alighted, by the only practicable way, he fell into a stock gap and received injury. The defendant's second plea averred that "plaintiff himself was guilty of negligence which proximately contributed to his injury, in this: That he negligently walked along defendant's track in the nighttime at a place where there was an open stock gap in the track, into which he fell and was injured, of the existence of which he had knowledge, or of which he would have known by the exercise of reasonable diligence, at and before the time of his injury." This plea, in its second alternative, assumed that it was the duty of the plaintiff to have informed himself of the dangers of the place at which he alighted, whereas he had a right to assume that it was reasonably safe for that purpose. The use of the word "negligently" does not save the plea. The plea must be taken to mean that the act of the plaintiff in walking along the track and falling into the stock gap, was negligent, in view of, and as conditioned upon, the duty alleged to rest upon him to exercise diligence at and before the time of his injury to learn the danger from the stock gap. As we have said, no such duty rested upon him. The plea was therefore bad.—*Montgomery St. Ry. Co. v. Mason,* 133 Ala. 508, 32 South. 261; *Melton v. Birmingham Ry., L. & P. Co.,* 153 Ala. 95, 45 S. E. 151, 16 L. R. A. (N. S.) 467.

In general, it is the duty of the one injured by the negligent act of another to exercise an ordinary degree of care and prudence to prevent the accumulation of damages. Where his injuries are personal, he is bound to take such care of them as a reasonably prudent person would in like circumstances, and can only recover such damages as would have been sustained had such care been taken.—*Gulf, C. & S. F. Ry. Co. v. Coon,* 69 Tex. 730, 7 S. W. 492. He must employ such medical or surgical aid as ordinary prudence would require under the circumstances.—*Kennedy v. Busse,* 60 Ill. App. 440. If the contention is that plaintiff's injury was aggravated by negligence, the burden is upon the defendant to show that fact in mitigation of damages.—*Louisville, etc., v. Falvey,* 104 Ind. 409, 3 N. E. 389, 4 N. E. 908; *Chicago, etc., R. R. Co. v. Meech,* 163 Ill. 305, 45 N. E. 290; *Bradford v. Downs,* 126 Pa. 632, 17 Atl. 884. If the plaintiff resorts to medical or surgical aid, consulting such a physician or surgeon as a reasonably prudent man would, and follows the treatment prescribed, certainly he discharges every duty he owes to the tort-feasor.—*Stover v. Bluehill,* 51 Me. 439; *Loesor v. Humphrey,* 41 Ohio St. 378, 52 Am. Rep. 86. Whether the duty rests upon one who has suffered personal injury to submit himself to a surgical operation for the purpose of effecting a cure, and thus limiting damages, must depend upon his judgment exercised in good faith. In *Blate v. Third Avenue R. R. Co.,* 44 App. Div. 163, 30 N. Y. Supp. 732, the defendant insisted that the plaintiff should submit to a surgical operation for the relief of his injury. Medical experts differed as to the probability of a cure and the danger involved. The court said: "While the person who inflicts the damage has the right to say that sure and safe means to diminish the evil results of the accident must be used, that is the extent of his right.

Whether further means should be resorted to is for the plaintiff to determine. In making that determination the plaintiff has the right to consider the nature of the means used to effect a cure and the possible or probable effect upon himself. He has to determine for himself whether he is to resort to those means in view of those considerations." And further: "The jury, in getting at the damages, are to say, not only what they are, but whether the means used by the plaintiff to reduce the damages were such as an ordinarily prudent man would use. They cannot say that he should or should not have taken the advice of any particular physician, nor that he should have obtained any particular kind of treatment." This case is quoted with apparent approval in Sutherland on Damages, § 90. We think it states a correct and reasonable rule for such cases.

Charges 2 and 6, given to the plaintiff, and charge 2, refused to the defendant, did not go to the plaintiff's right of recovery, but only to the measure of damages affected by plaintiff's hypothetical neglect and delay in having an operation performed upon his leg. Without rehearsing the testimony upon this subject, but upon careful consideration of it, nevertheless, we are of the opinion that the testimony would not have justified the jury in finding that the plaintiff had been neglectful in the ordinary treatment of his wound or had deferred the operation in order that damages might accumulate. Charge 2, refused to the defendant, certainly stated a correct proposition of law; but in the state of the evidence to which we have referred it was a mere abstraction. Charges 2 and 6, given to the plaintiff, needed qualification; but we cannot see that the giving of them was harmful to the defendant. They were abstract also. Their acceptance by the jury could not have tended to increase the amount of damages assessed. The question

which the defendant sought to bring into issue ·was whether the damages suffered by plaintiff should be abated, because they had· been negligently allowed to ac-·cumulate. As we have seen, there was no warrant in the evidence for this issue, and the court's refusal to introduce it by the denial of a charge which stated correctly an abstract proposition of law, or, on the other hand, its definite removal from the cause by giving charges which did not accurately state the full reason why it should be removed, were alike free from error. 2 Mayf. Dig. p. 565, § 69. It is not to be supposed that the jury, assessing damages on the evidence, would have assessed them at a less figure although they had ·been told that in a certain event, not in proof, they should have been less.

Other charges made the subject of assignments of error are to be disposed of, as counsel concedes, upon the principle adverted to in the discussion of the demurrer to the defendant's second plea.

The judgment of the court below is·affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.