(100 South. 132)

**BRANDON v. GARLAND.    (8 Div. 652.)**

(Supreme Court of Alabama.    April 24, 1924.)

**1. Mortgages ⬤⟳312(2)—Statute held penal and subject to strict construction.**

Code 1907, § 4897, providing for a penalty for failure to enter partial payments on the margin of a mortgage, is penal, and must be strictly construed.

**2. Mortgages ⬤⟳312(3)—Failure to enter payments on margin of record held not to authorize penalty.**

Failure to enter payments on the margin of the record of a mortgage did not authorize penalty provided by Code 1907, § 4897, where notice specified a certain amount derived from a certain source, and plaintiff had not paid sum specified, though he was entitled to credit in lesser amount.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by A. B. Brandon against J. N. Garland, for penalty for failure to enter partial payments on the marginal record of a mortgage. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Proctor & Snodgrass, of Scottsboro, for appellant.

If defendant owed to plaintiff any credit, it was his duty to place the same on record. Gay, Hardie & Co. v. Rogers, 109 Ala. 628, 20 South. 37; Jordan v. Mann, 57 Ala. 595; New So. B. & L. Ass'n v. Bowie, 121 Ala. 469, 25 South. 844; So. B. & L. Ass'n v. Rowe, 125 Ala. 496, 28 South. 484.

Milo Moody, of Scottsboro, for appellee.

No brief reached the Reporter.

ANDERSON, C. J.   [1, 2] This is a suit for the penalty for a failure to enter partial payments upon the margin of the record of a mortgage as provided by section 4897 of the Code of 1907. This is a penal statute, and, as repeatedly held by this court, must be strictly construed. The request to enter on the margin of the record was "partial payments made to you, by means of my employment to you, of $196.-65 paid you in the year 1921 by work." The trial court tried the case without a jury, and saw and heard the witnesses, and in effect found that the plaintiff had not paid on the mortgage the sum of $196.65 as specified in the request to satisfy. In fact, it is not seriously contended by appellant that this sum should have been entered upon the margin of the record, but he claims that the proof shows at least that he should have been credited with a smaller amount, to wit, $50. So the question arises, Was the request sufficient to require the defendant to enter any and all partial payments to which plaintiff was entitled upon the record, or did said notice or request call on him to do other than credit him with $196.65 paid in the year 1921 by work? Of course, generally speaking, the lesser is included in the greater; but here the notice specified a certain amount derived from a certain source, and was not a request to enter all partial payments or such as he was entitled to, and the entry of a lesser amount would not have complied with or conformed to the request which was specific and limited, and we do not think that the trial court erred in so holding.

The request or notice in the case of New South B. & L. Association v. Bowie, 121 Ala. 465, 25 South. 844, was unlike the one in hand. There the request was not only to satisfy in full but further called for the entry of "each and every partial payment made thereon by said A. G. Bowie. * * *

In any event we demand the entry of partial payments to be made on the margin of the records."

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.