140 So. 378

**BENNETT v. BENNETT.**

8 Div. 301.

Supreme Court of Alabama.

March 17, 1932.

W. H. Mitchell, of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

BROWN, J.

The complaint avers facts raising a duty on the part of the defendant not to negligently injure the plaintiff, specifying the injuries, the manner of their causation, and the date thereof, and avers that the defendant "so negligently drove or propelled said car as to run into or against the car driven by one Lott," and that plaintiff's injuries "were proximately caused by the negligence of the defendant." These are the essential elements of the cause of action. Bugg v. Green, 215 Ala. 343, 110 So. 718; Jones v. Keith, 223 Ala. 36, 134 So. 630; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Leach, Harrison & Forwood v. Bush, 57 Ala. 145.

The purpose and effect of an averment as to the place of injury is to advise the defendant that he may investigate the alleged accident and obtain evidence material to a defense of the action, and, where the averments of the complaint show, as here, that the defendant was personally present at the time and place of the alleged injury, such averment is not essential. Bugg v. Green, supra; Jones v. Keith, supra.

However, no reason appears why the plaintiff should not make such averment, and, conceding that the demurrer, taking the point that the place of the accident was not averred, was well taken and error was committed by the court in overruling it, it was clearly error without injury, in this case, as the undisputed evidence shows that the defendant had full knowledge as to the alleged injury, the place of its occurrence, and the persons present who witnessed the same. American Railway Express Company et al. v. Reid, 216 Ala. 479, 113 So. 507.

Therefore error to reverse cannot be predicated on the ruling of the court on the demurrer.

The appellant next insists that the court erred in rejecting his pleas of coverture. The argument goes, not to the method of disposing of the pleas—by motion to strike and not on demurrer—but that they presented a good defense to the action, and error attended with injury was committed in striking the pleas on plaintiff's motion. As a matter of pleading and practice, it is well settled that, "Where a pleading, though not frivolous, * * * is supposed to be substantially defective, as where the facts alleged do not constitute a cause of action or defense, the objection [to such pleading] must be raised by demurrer; and, on the other hand, that when sufficient facts are stated but they are not

338

stated in the manner required by the rules of pleading, the objection should be taken by motion to strike." Brooks v. Continental Insurance Co., 125 Ala. 615, 29 So. 13, 14; Hill v. Hyde et al., 219 Ala. 155, 121 So. 510; Baker et al. v. State ex rel. Green et al., 222 Ala. 467, 133 So. 291.

Such plea was sustained as presenting a good defense in the recent case of Dawson v. Dawson (Ala. Sup.) 138 So. 414,[1] where the cause of action arose in the state of Mississippi, and under the laws of that state the rights of the parties were governed by the common-law fiction of unity of the person of the husband and wife in the person of the husband, and therefore the law, as declared and enforced in that state, recognized no duty on the part of the husband not to tortiously injure the wife in such sort as to give her a cause of action against him for such injury.

Appellant's contention here is that the holding in Penton v. Penton, 223 Ala. 282, 135 So. 481, "is in conflict with the weight of authority in this and other States, and should be overruled." This contention seems to overlook the fact that the decision in Penton's Case was rested upon a previous construction of our statutes dealing with the domestic relation of husband and wife, providing, inter alia, that "all damages which the wife may be entitled to recover for injuries to her person or reputation, are her separate property" (Code 1923, § 8264), and authorizing the wife to sue in her own name "for the recovery of her separate property."

In Johnson v. Johnson, 201 Ala. 41, 77 So. 335, 6 A. L. R. 1031, it was observed: " * * * These sections [§§ 4492, 4497 and 4498, Code of 1907], the last included, have the effect of abrogating the fiction of legal identity, and seem thereby, except as otherwise prescribed, to destroy the foundation of the common law in its application to questions touching the rights of husband and wife inter se. * * * The Legislature, as we have seen, has given the wife an action against the husband for injuries to her property rights, and we can hardly conceive that the Legislature intended to deny her the right to sue him separately, in tort, for damages arising from assaults upon her person. The language of the statute covers the one form of injury as well as the other, and we hold that the wife was properly allowed to proceed with her suit, defendant's pleas and special charges requested to the contrary nevertheless. * * * As for the policy which would avoid the public airing of family troubles, we see no reason why it should weigh more heavily against this action than against those which the courts universally allow." 201 Ala. 44, 77 So. 335, 337, 6 A. L. R. 1031.

Since that decision these statutes have been readopted into the Code of 1923 (sections 8267, 8272, 8268), without change, and this forecloses further controversy as to their interpretation and effect. Spooney v. State, 217 Ala. 219, 115 So. 308.

If, as held in Johnson's Case, the wife may sue the husband for personal injury from an assault and battery committed by the husband, no sound reason can be stated why she should not maintain an action for any tortious injury by him to her person, and we are content to reaffirm the decision in Penton v. Penton, supra.

The evidence offered by plaintiff, as to the nature and extent of her injury, goes to show, among other injuries, that her nose was "crushed and broken about the upper two-thirds"; that the injury was near the sinus and would cause sinus trouble. She testified in her own behalf, on her direct examination, that she consulted several physicians, and finally consulted Dr. Shea, a specialist of Memphis, Tenn., and he advised that an operation on the nose was necessary, that she had visited Dr. Shea several times since, and that "He had not operated."

On cross-examination the defendant brought out testimony that plaintiff's nose "has never been set. Dr. Roberts said I would have to have an operation on it. I have not had it operated on yet. * * * Dr. Robbins said it had been broken and couldn't be fixed and I would have to go to a specialist. I didn't ask Dr. Roberts to give me an operation. Less than a week after I saw Dr. Robbins I went to see Dr. Shea. He told me I ought to have my nose operated on. The Doctors say that waiting and failing to have my nose operated on has caused me pains in my face and my nose. * * *

"Q. You don't expect John Bennett to pay you anything if you get a verdict do you? A. I expect him to pay for my nose if I get it fixed. I expect to take this money I get from him. My husband has not at any time refused to give me a treatment for my nose. I have never asked him. I have paid for the medicine used in treating my nose. I was working at that time. I did not ask him if I could go to Dr. Roberts. I didn't ask him to pay Dr. Roberts. My husband has not refused to give me any treatment. I have not asked him. I told him I was going to Dr. Roberts.

"Q. I ask if you didn't bring this lawsuit after you had had the injury to your nose, and you never at any time before you brought this lawsuit ask him to give you an operation and to treat your nose and make you well. You never did, did you? A. Well, I told him I was going but as far as asking him, if that is what you mean, I never asked him.

"Q. You never asked him to give it to you and he never has refused, has he? A. No. I just told him that I had to have an opera-

[1] Ante, p. 13.

tion and of course he knew the circumstances and knew that. * * * He did not tell me I could not .get an operation."

On redirect examination the plaintiff's counsel asked her, "Why haven't you had the operation?" The defendant objected to this question "because it called for opinion evidence, and for illegal and irrelevant and immaterial testimony." This objection was overruled, and the defendant excepted. The witness answered, "I did not have the money." This ruling of the court is made the predicate for the appellant's fifth assignment of error. The question was not subject to the specific ground of objection that "it called for opinion evidence," and the general objection is unavailing to put the court in error unless it can be said that the evidence elicited by the question was not relevant or material for any purpose, and was incapable of being made so by other evidence. Sanders v. Knox et al., 57 Ala. 80; 9 Enc. of Ev. 75.

"In general, it is the duty of the one injured by the negligent act of another to exercise an ordinary degree of care and prudence to prevent the accumulation of damages. Where his injuries are personal, he is bound to take such care of them as a reasonably prudent person would in like circumstances, and can only recover such damages as would have been sustained had such care been taken. Gulf, C. & S. F. Ry. Co. v. Coon, 69 Tex. 730, 7 S. W. 492. He must employ such medical or surgical aid as ordinary prudence would require under the circumstances. Kennedy v. Busse, 60 Ill. App. 440. If the contention is that plaintiff's injury was aggravated by negligence, the burden is upon the defendant to show that fact. * * * If the plaintiff resorts to medical or surgical aid, consulting such a physician or surgeon as a reasonably prudent man would, and follows the treatment prescribed, certainly he discharges every duty he owes to the tort-feasor. * * * Whether the duty rests upon one who has suffered personal injury to submit himself to a surgical operation for the purpose of effecting a cure, and thus limiting damages, must depend upon his judgment exercised in good faith. * * * And further: 'The jury, in getting at the damages, are to say, not only what they are, but whether the means used by the plaintiff to reduce the damages were such as an ordinarily prudent man would use,' " etc. Birmingham Railway, Light & Power Co. v. Anderson, 163 Ala. 72, 50 So. 1021, 1022.

The evidence brought out by the defendant on the cross-examination of the plaintiff had some tendency to bring into the case the question of negligence on her part in failing to have an operation on her nose to allay her suffering and minimize her damages, and the evidence elicited by the ques-

tion on redirect examination was material to this question. Certainly, if she was not financially able to procure the operation, she owed the defendant no duty to borrow the money to pay the surgeon or to ask that it be performed without charge or on credit. Therefore we are not of opinion that the court erred in overruling the general objection to the question.

The statement of plaintiff's counsel in argument to the jury, "If you render a verdict against defendant in this case, you are not going to hurt John Bennett in any way," the bill of exceptions shows, was made in response to the statement of defendant's counsel in argument, that "John Bennett was not expected to pay." Moreover, the defendant's counsel on the cross-examination of the plaintiff had advanced this thought by asking her the question, "You don't expect John Bennett to pay anything if you get a verdict do you?" The objection to the argument was overruled without error. Ala. Great Southern R. R. Co. v. Hill, 93 Ala. 514, 9 So. 722, 30 Am. St. Rep. 65; Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543.

The charges refused to defendant asserting that the wife was not entitled to recover damages for failure of the husband to supply her the necessities of life were abstract. No such damages were claimed or proved.

The evidence on the question of negligence made a case for jury decision, and the affirmative charge was properly refused, and the motion for a new trial was denied without error. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.

