179 So. 532

**JEWEL TEA CO., Inc., v. SKLIVIS.**

6 Div. 133.

Supreme Court of Alabama.

Feb. 17, 1938.

Rehearing Denied March 17, 1938.

Murphy, Hanna, Woodall & Lindbergh and Wm. H. Ellis, all of Birmingham, for appellant.

512

Taylor & Higgins, of Birmingham, for appellee.

FOSTER, Justice.

This is an action for damages by the father for injuries negligently caused to his minor son. The son has had litigation on his own account. See Jewel Tea Co. v. Sklivis, 231 Ala. 590, 165 So. 824.

We will discuss the questions in the order in which they are argued in brief. As originally filed, the counts each charged simple negligence, without declaring whether it was primary or subsequent. By amendment the claim was limited to subsequent negligence, striking the original counts. This was done more than a year after the accident and injury occurred.

The argument is made, as presented by the plea of the statute of limitations, that the claim made in the amended counts is barred by that statute.

But there are two good reasons why that contention is not well founded.

In the first place, the amendment added no right of action not included in the original complaint. Louisville & Nashville R. R. Co. v. Abernathy, 192 Ala. 629, 69 So. 57; Brown & Flowers v. Central of Georgia Ry. Co., 197 Ala. 71, 72 So. 366.

The effect was simply to circumscribe the claim as originally filed by limiting it to subsequent negligence, whereas originally the complaint included both primary and subsequent negligence. Such a result has never been objectionable under our practice.

In the second place, the statute as revised by the Code committee provides that all amendments shall relate back to the commencement of the suit so long as they refer to the same transaction, and parties as the original. Section 9513, Code. This had the effect of making important changes in the law in so far as the statute of limitations applied to amendments. Birmingham Belt R. R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219; Sovereign Camp, W. O. W., v. Carrell, 218 Ala. 613, 119 So. 640; Lovett v. Funderburk, 224 Ala. 634, 141 So. 557; Louisiana Oil Corporation v. Green, 230 Ala. 470, 161 So. 479.

If there was ever any doubt about the question of whether such an amendment as

this related back to the institution of the 'suit, all such doubt should now be considered as settled. But the rule which existed prior to this amendment to the statute (Nelson v. First National Bank, 139 Ala. 578, 36 So. 707, 101 Am.St.Rep. 52) never had the effect as now contended upon an amendment to a complaint which stated additional grounds of negligence, or particularized the charge of negligence which had been made in general terms. This was pointed out in Alabama C. C. & I. Co. v. Heald, 154 Ala. 580, 45 So. 686.

So that the filing of an amendment, as here, which particularized the general nature of the charge of negligence to one feature of it, to wit, subsequent negligence, is not and never was the presentation of such a new cause of action as to fix the date for computing the statute of limitations as to it.

Assignments 8, 9, and 10. Charges 9 and 18, refused to appellant, seek to eliminate from consideration by the jury matters not claimed nor insisted upon, and as to which no effort was made to introduce evidence. It was an abstract principle, and their refusal was not prejudicial. Newton v. Altman, 227 Ala. 465, 150 So. 698; Nauvoo Black Creek Coal Co. v. Johnson, 230 Ala. 174, 160 So. 242; Lehigh Portland Cement Co. v. Donaldson, 231 Ala. 242, 164 So. 97.

Moreover, given charge No. 19 covers much, if not all, of the same matter, as well as the court's general charge.

There was no prejudicial error in respect to the opening statement of plaintiff's counsel embraced in assignment No. 9, relating to the same subject.

Assignments 16 and 17 are treated together. There is no reversible error shown in them. The doctor gave full testimony regarding the matter inquired about, and counsel did not exceed proper bounds in making his argument. These assignments in no respect tend to show negligence by plaintiff in having his son treated for the injury. So that there is no application of the principle which requires diligence in that respect, assuming that it applies to this situation. Birmingham Ry., L. & P. Co. v. Anderson, 163 Ala. 72, 50 So. 1021; Bennett v. Bennett, 224 Ala. 335, 140 So. 378.

Assignments 18 and 19 do not seem to us to show an attempt to prejudice the jury improperly or stir their emotions unduly as a basis for a verdict or in fixing the amount. The amount of the verdict does not show that the jury were so affected.

We see no reversible error in these assignments, nor in any others, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.