180 So. 259

**UNIVERSAL CREDIT CO. v. CLAY COUNTY TRADING CO., Inc.**

7 Div. 500.

Supreme Court of Alabama.

March 3, 1938.

Rehearing Denied April 21, 1938.

---

E. P. Gay, of Ashland, and M. P. Kelley, of Lineville, for appellee.

Mullins, Deramus & Stewart, of Birmingham, and A. L. Crumpton, of Ashland, for appellant.

THOMAS, Justice.

The suit was for statutory penalty for failure, after due notice, to satisfy the record as to lien on automobile. The suit was a nonjury case, judgment being for the plaintiff.

The facts may be stated as follows: Appellee purchased an automobile from the Lineville Motor Company on February 1, 1934, executing a conditional sales contract for the balance of the purchase price of $528, payable in monthly installments. Such conditional sales contract was recorded in the probate office. The debt was duly paid about April 4, 1935, and later on and after the date of completion of payments, request was made by letter for satisfaction of said conditional sales contract on the record in the judge of probate's office in said county. Letter making request was sent by ordinary mail, stamped and posted, and was not returned as undelivered to the return address of the sender.

The appellee introduced no return receipt from registered letter containing notice to enter cancellation signed by appellant. The prima facie presumption of receipt of letter, dealt with in Franklin Life Ins. Co. v. Brantley, 231 Ala. 554, 165 So. 834; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Holmes v. Bloch, 196 Ala. 322, 71 So. 760, does not meet the requirements of the amended statute.

Subsequently suit was instituted, and a clerk in the court of said county was requested by letter dated March 23, 1936, from the president of appellee corporation to file the summons and complaint immediately, but to hold the same in the clerk's office because garnishment proceedings would be instituted at the time of service of the summons and complaint. On May 15, 1936, the nonresident affidavit was filed with said clerk and a nonresident attachment then issued pursuant to and in accordance with the affidavit.

The assignments of error challenge the action of the trial court in rendering judgment against appellant, and in overruling motion for a new trial. This only is urged by argument of appellant's counsel and will be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

The penalty for failure to enter satisfaction on the record after payment of lien is prescribed by section 9021 and section 9022 of the Code, as amended by General Acts 1932, Ex.Sess., p. 82; Bran-

don v. Garland, 211 Ala. 150, 100 So. 132. And the cause of action accrues thirty days after receipt of the required written demand for satisfaction of such record. Gen. Acts 1932, Ex.Sess., p. 82; Renfro & Andrews v. Adams, 62 Ala. 302; section 9021, Code of 1923. The cause of action is barred unless commenced within one year from date of accrual. Section 8949, Code of 1923. The suit must be brought (filed with the clerk) within the one year period from date of accrual of the cause of action. Section 8967, Code of 1923, which is to be considered with section 6521 of the Code. Horn v. Pope, 205 Ala. 127, 87 So. 161.

The evidence shows that the suit was commenced within the period of the statute.

Was the notice given sufficient as required by the General Acts of 1932, Ex.Sess., p. 82? Said act is, in part, as follows: "The notice or demand shall be served in person upon the owner or holder of such lien or upon his agent who is authorized to receive payment of such debt, or any part secured by the lien, or by mailing by registered mail with request for return receipt, a copy of such written demand or notice to such owner or holder of the lien or to any agent of his who would be authorized to receive such payments of the debts or demands so secured by the recorded lien. This letter must be addressed to the usual known address of such owner or holder of such lien or his agent as above specified with sufficient postage prepaid; but such notice or demand given by public mail as above provided shall be only prima facie evidence that the notice or demand so mailed was received by the addressee."

The plaintiff's evidence was as follows:

"I wrote them a letter dated April 4, 1935, and this is a copy of the letter containing the notice. The original of this letter was mailed to Universal Credit Company, at Atlanta, Georgia, and the post office money order for Ten Dollars and the check for Eleven Dollars, together with that notice, were enclosed in an envelope and addressed to Universal Credit Company, Atlanta, Georgia. I have forgotten the street number, given here under instructions (indicating) and I carried it to the post office at Ashland and a three cent stamp placed upon the same, and dropped it in the mail box at Ashland. I have a return address on the envelope and the letter did not come back to me. The original was dropped in the post office by myself, properly stamped and

addressed, with all those papers contained in it.

"* * * The letter was introduced in evidence and marked Exhibit 'B' and was in words and figures as follows:

"'April 4, 1935.
"'Universal Credit Company,
"'Atlanta, Georgia.
"'RE: Contract number 3212.
"'Gentlemen:

"'You will find enclosed P. O. money order for $10.00 and check for $11.00, making a total of $21.00 the balance due under the above contract.

"'Boys, she is ours, now.

"'You will kindly mark on the margin of the record book 89, page 366, in the Probate Judge's office of Clay County, Alabama, "Satisfied by payment in full and discharged of record."

"'We regret there has been some delays in the payments of this account, and we appreciate your kindness in the extension of these payments.

"'Yours very truly,
"'Clay County Trading Co., Inc.,
"'By E. P. Gay, Pres.'

"After I mailed the original of the letter, I saw it in the possession of some representative of the Universal Credit Company and this was in my best judgment January, 1936."

Does this show statutory compliance, as indicated in amendment to section 9022 of the Code, contained in the quoted provision of the General Acts of 1932, Ex.Sess., p. 82? The statute is strictly construed as it is highly penal. Brandon v. Garland, 211 Ala. 150, 100 So. 132; Scales v. Rosenbush Furniture Co., 212 Ala. 19, 101 So. 743.

The requirement of the statute, as a condition, precedent, is that the notice or demand for satisfaction be made and served (1) in person upon the owner or holder of such lien, or upon his authorized agent to receive such payment, or (2) "by mailing by registered mail with request for return receipt, a copy of such written demand or notice to such owner or holder of the lien or to any agent of his who would be authorized to receive such payments of the debts or demands so secured by the recorded lien."

The evidence shows a sufficient notice if given as required by the statute. However, the evidence fails to show that the condition precedent for statutory notice was observed and given. Without this no recovery for the penalty can be had.

The judgment of the circuit court is reversed and a judgment here entered dismissing the cause.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.