194 So. 498

## CITY OF BIRMINGHAM v. COMER.

### 6 Div. 558.

Supreme Court of Alabama.

March 7, 1940.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

Geo. R. Carter and Wilkinson & Wilkinson, all of Birmingham, for appellee.

**BOULDIN, Justice.**

Action for personal injuries to a pedestrian laid to the negligence of the city's servants in the maintenance of the sidewalk.

The cause was tried on Count 2 of the complaint to which demurrers were interposed and overruled. This ruling is presented for review.

The pertinent averments of the count are:

While walking on a public sidewalk at a designated point, "Plaintiff was caused to fall into a chasm, gorge or hole, at the end of the wide part of said sidewalk, and that said chasm, gorge or hole at the end of the wide part of said sidewalk was abutting upon, and in close proximity to said sidewalk; injuring Plaintiff in this" (severe injuries here averred); that her injuries were the proximate result of "Negligently allowing the said chasm, gorge or hole, at the end of said wide part of said sidewalk, to be and remain at such close proximity to and abut upon said sidewalk, and in that there was no warning signal or device, barricade or display, at or in close proximity to said chasm, gorge or hole so that persons walking along said sidewalk could or would

be apprised and informed of such chasm, gorge or hole."

The point is raised that this count joins two distinct causes of action in the same count: one, negligently allowing the chasm or hole to be at this point; two, negligently failing to place a warning signal or barrier for the protection of persons using the sidewalk. Clikos v. Long, 231 Ala. 424, 165 So. 394.

The point is not well taken. The count sues for one injury at one time and place. The conjunctive averment of no barrier or warning device, is further descriptive of the conditions at that time and place, which taken together rendered it not reasonably safe for the pedestrian.

Negligence is the breach of the duty to maintain the sidewalk in a reasonably safe condition for the use for which sidewalks exist. If not reasonably safe, it is dangerous within the meaning of the law.

That the place was unguarded was properly averred as an element in the situation rendering it unsafe. The description as a ".chasm, gorge or hole," judged by its weakest alternative, "hole" is criticised for want of further description of size, depth or data disclosing a dangerous condition.

The count clearly imports the hole was large enough for plaintiff to fall into, and the step-off such as to cause plaintiff to fall and receive severe injuries.

If the alleged acts or omissions do not of themselves constitute negligence as a matter of law, but are sufficient to suggest and support an inference of negligence, the complaint must allege negligence, the plaintiff assuming the burden to prove negligence in the particular case.

The count in question meets these requirements and is sufficient under a long line of our cases. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; City of Birmingham v. Shirley, 209 Ala. 305, 96 So. 214; City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611; City of Birmingham v. Cox, 230 Ala. 99, 159 So. 818.

In the last-cited case the court dealt at considerable length with the legal duty to erect lateral guard rails or barriers alongside the traveled zone of streets and highways. These are to safeguard those who may get out of the zone prepared for travel

and on ground not intended for 'travel. Some condition of unusual danger is held essential to put on the city the duty to maintain such safeguards.

■ The evidence, supporting the averments of the complaint, discloses that in going northward on the east side of the city block described the sidewalk extends from store buildings to the curb, 10 feet in width; that on reaching a vacant lot the sidewalk is abruptly reduced to 4 feet in width, so placed as to leave a sudden ending of the wider walk, on the east side thereof, a space some 25 inches in width, where there was an unguarded step-off some feet in height, the ground below being rough and stony.

Without dispute the evidence discloses that while walking northward on the east side of the wider sidewalk in the nighttime plaintiff stepped off at this step-off, fell, and was severely injured.

Evidence for plaintiff tended to show the place was entirely unknown to her, that she did not see the situation, that the place was not so lighted as to be discovered by every one with his eyes open but, to the contrary, was rather concealed by darkness. This condition had existed for many years.

We are of opinion the evidence without dispute discloses a condition which the jury could well find not reasonably safe for all classes of pedestrians in the nighttime in the absence of a guard rail, barrier, or adequate lighting. Strangers are not required to keep a lookout for defects or pitfalls of this kind. There is a distinct difference between this condition, and a rough space alongside the traveled zone of a street or highway.

■ Defendant's refused charge H reads: "If you are reasonably satisfied from the evidence that plaintiff's condition became aggravated on account of her negligent failure to take medical treatment between July 28th 1938 and October 10th, 1938, if you so find from the evidence, she could not hold the City of Birmingham responsible for such aggravated condition."

This charge is intended to invoke rule, applicable in many forms of actions, which casts upon the injured party the duty to minimize the damages when he may reasonably do so. The burden of proof was on defendant to show the injury was aggravated by the negligence of plaintiff. Negligence is the failure to take such ordinary care, in keeping with medical and surgical advice, as a reasonably prudent person would under like circumstances. The rule in personal injury cases is well stated in Birmingham Railway, Light & Power Co. v. Anderson, 163 Ala. 72, 75, 50 So. 1021. See, also, Bennett v. Bennett, 224 Ala. 335, 140 So. 378; Jewel Tea Co., Inc., v. Sklivis, 235 Ala. 510, 179 So. 532.

Among the injuries to this plaintiff was a chip fracture at the upper end of the larger bone of the lower leg involving the knee joint.

In the healing processes it appears cartilaginous formations blocked the flexing of the knee joint, so that the leg could not be fully straightened, a condition somewhat improved by treatment, but a permanent injury unless remedied by a major surgical operation.

Evidence of plaintiff's witnesses on direct and cross-examination is relied upon by defendant to support an issue of lack of reasonable care in treatment during the period mentioned, in disregard of surgical advice that further treatment be had, resulting in aggravating the injury at the knee.

We have carefully considered the evidence in conference. While certain statements, standing alone, would tend to support appellant's argument, we are of opinion the evidence taken as a whole, including quite conclusive evidence that during this healing period the leg was in a cast for six weeks, did not present such a case that a refusal of charge H was error to reverse under our rules of review.

■ There was no error in rejecting evidence that no claim for personal injuries at this point, other than this claim had ever been filed with the city clerk. This evidence was offered as a circumstance tending to show the place was not dangerous, or otherwise stated, was reasonably safe for the use of pedestrians of all classes day or night.

This was a remote, indirect method of proof, speculative as to probative force, and inviting a wide field of collateral inquiry, which the court properly disallowed.

■ Considerable evidence was offered, on direct and cross-examination of witnesses residing near by, as to one or more

accidents at this place. This was the proper line of testimony.

We find no error to reverse.

Affirmed.

GARDNER, FOSTER, and KNIGHT, JJ., concur.