18 So.2d 109

## LOVELADY v. BELCHER.

2 Div. 728.

Court of Appeals of Alabama.

May 9, 1944.

J. B. Atkinson, of Clanton, for plaintiff.

J. Fred Wood, of Centerville, for appellee.

RICE, Judge.

This is a proceeding wherein and whereby Samuel Doss Lovelady is seeking to recover compensation of S. E. Belcher, under and in pursuance of our Workmen's Compensation Act of 1919, as found set out in Code 1940, Title 26, Sec. 253 et seq.

Plaintiff, Lovelady, under and in accordance with Code 1940, Tit. 26, Sec. 304, filed his complaint—complying in all respects, except that it was not verified, with said Section 304—with the Clerk of the Circuit Court well within twelve months from the date of his claimed injury.

While the suit was thus pending, and before any action was taken thereon, he amended his complaint by verifying same in all respects in accordance with the said statute.

Thereafter, the case coming on for the settlement of pleadings, the court sustained a motion by the defendant to "quash, vacate or strike the original summons and complaint because same was not verified."

The plaintiff took a nonsuit, and brings the case here—in the proper way—for review. Code 1940, Tit. 7, Sec. 819.

As appellee's counsel frankly admits, the sole question for us to decide is, as he puts it: "Is the cause of action barred by the statute of limitations of one year found in Section 296, Title 26, of Code 1940?"

That section provides—pertinently—: "In case of a personal injury all claims for compensation * * * shall be forever barred unless within one year after the accident * * * one of the parties shall have filed a verified complaint as provided in section 304 (supra) of this title."

Appellee's able counsel argues well; but we think the question has been answered heretofore by our Supreme Court.

In principle, we can see no difference between the situation exhibited here, and

that before our Supreme Court in the case of Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219. The same statutes controlled when the opinion in that case was written. And what the Supreme Court there said of course concludes us. Code 1940, Tit. 13, Sec. 95.

There, as here, the suit was begun well within the time prescribed by Code 1940, Tit. 26, Sec. 296. Horn v. Pope, 205 Ala. 127, 87 So. 161; Hill v. Burton, 30 Ala. App. 594, 10 So.2d 302; Universal Credit Co. v. Clay County Trading Co., 235 Ala. 577, 180 So. 259. But by an unverified complaint.

Thereafter, as here, while the cause was pending and undetermined, the plaintiff amended his complaint by *adding the verification*—but long after the bar of the statute of limitations would have been, otherwise, complete.

As our Supreme Court said, there [215 Ala. 395, 111 So. 219, 220], so may we say, here: "The original complaint is for damages for the same injury, the same transaction, as the amended complaint. * * * Each count refers to the same injury, the same transaction; and each refers to the same parties; so we must hold the amended complaint relates to no new or other cause of action than that presented by the original complaint. * * * The original complaint and the amended complaint each present an action arising out of the same transaction, or relating to the same subject-matter; so we must hold that * * * such an amendment is not barred by the statute (section 7570 [of the] Code [of] 1923 [now Code. 1940, Tit. 26, Sec. 296]) of limitations of one year, *but it relates back to the commencement of the suit under the amended statute*" Sec. 9513 of the Code of 1923, now Code 1940, Tit. 7, Sec. 239. (Italics supplied by us.) And see Jewel Tea Co., Inc., v. Sklivis, 235 Ala. 510, 512, 179 So. 532.

It results that the trial court was in error in sustaining appellee's motion to "quash, vacate or strike the original summons and complaint because same was not verified." His order in doing so is hereby reversed; and the said motion is overruled.

The judgment of nonsuit is set aside; the cause remanded to the lower court; and it is ordered that the cause be restored to the trial docket for further proceedings in accordance with the statutes made and provided.

Reversed and remanded, with directions.