Ervin **JUPITER** and Edward Levy Metals, Inc., Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 18622.

United States Court of Appeals
Fifth Circuit.

Feb. 24, 1961.

works a hardship on tort claim litigants in Alabama in contrast to other states where the rule of comparative negligence applies, we are bound to apply the law of the place of injury in such a case.

The judgment must be affirmed.

Julian B. Humphrey, David C. Treen, New Orleans, La., for appellant.

Francis G. Weller, Asst. U. S. Atty., New Orleans, La., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and CLAYTON, District Judge.

PER CURIAM.

■ This appeal in a federal tort claims action presents only issues of fact. The record discloses that there was ample evidence to support the finding of the trial court that the appellant Jupiter was guilty of contributory negligence and that such contributory negligence continued to the occurrence of the mishap which produced the injury from which he suffered. See Jupiter v. United States, D.C., 181 F.Supp. 294.

■ Although the strict application of the contributory negligence doctrine