UNITED STATES of America, Appellant,

v.

Thomas BELL and Mrs. Ruth B. Bell, Appellees.

No. 21937.

United States Court of Appeals Fifth Circuit.

Dec. 16, 1965.

---

William T. Morton, Asst. U. S. Atty., Augusta, Ga., Donald H. Fraser, U. S. Atty., for appellant.

Walton Hardin, Washington, Ga., Heard Robertson, Augusta, Ga., for appellees.

Before BROWN, WISDOM and THORNBERRY, Circuit Judges.

PER CURIAM:

 The United States appeals from an adverse judgment awarding damages under the F.T.C.A., 28 U.S.C.A. § 1346(b), for injuries sustained when Appellee Mrs. Bell fell into a drainage ditch at a military hospital installation. Contrary to the Government's contentions, there was ample evidence that Appellees were entitled to rely on the directions of one of its employees to take an insufficiently illuminated route near the drainage ditch, that its employees knew or should have known of the absence of regular illumination, and that its employee extinguished the only other light on the route about the time the Appellees neared the ditch. The Government has failed to demonstrate, as it must under Rule 52(a), that these findings, which the Court held established negligence, are clearly erroneous. To these findings the trial Court could properly apply the Georgia law that the negligent failure to illuminate a structure which is dangerous in darkness relieves the plaintiff of contributory negligence if such failure created additional hazards unknown to her. Kreiss v. Allatoona Landing, Inc., 1963, 108 Ga.App. 427, 133 S.E.2d 602; see Jenkins v. Southwire Co., 1965, 111 Ga. App. 29, 140 S.E.2d 514.

 There is no merit to the Government's contention that Mr. Bell was not entitled to damages for loss of services and consortium on the ground that there might have been some imperfection in their ceremonial marriage which was corrected before this mishap.

Affirmed.