**Irene DINKELMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**DAUPHIN ISLAND BUSINESS MEN'S ASSOCIATION, Third-Party Defendant.**

**Irene DINKELMAN, as mother and next friend of Margo Hughes, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**DAUPHIN ISLAND BUSINESS MEN'S ASSOCIATION, Third-Party Defendant.**

Civ. A. Nos. 4958–68, 4959–68.

United States District Court
S. D. Alabama, S. D.
June 27, 1969.

28

Michael J. Salmon, Mobile, Ala., for plaintiff.

Vernol R. Jansen, Jr., U. S. Atty., for defendant.

M. A. Marsal, Mobile, Ala., for third-party defendant.

PITTMAN, District Judge.

These cases have been consolidated for trial. This finding of fact and holding of law is incorporated in one decree with judgment for each case respectively.

These cases present respectively a Federal Tort Claims Act case in which (1) [Case No. 4959–68] Margo Hughes, a minor suing by her mother and next friend, Irene Dinkelman (now re-married Irene Rogers), claims that on June 6, 1967, she entered the United States Post Office at Dauphin Island, Alabama, as a customer to transact business therein, and after transacting her business departed through the entrance way of the Post Office and walked into the edge of an awning type window protruding over the sidewalk at eye level, and seeks damages for an injury just below her right eye, for pain, disfigurement, mental anguish, etc.

In the other case; (2) [Case No. 4958–68] her mother, Irene Dinkelman, claims damages for loss of services of her minor daughter and past and future medical expenses arising from the injury the daughter suffered on the occasion above described.

In each case the plaintiffs seek to recover for alleged negligence of the defendant which were a proximate cause of the injury suffered. The defendant pleads not guilty of negligence and contributory negligence of the plaintiff, Margo Hughes.

The United States filed a Third-Party Complaint against the Dauphin Island Business Men's Association, Third-Party Defendant, under a theory of common law indemnity as well as an implied contract of indemnity from the landlord, Dauphin Island Business Men's Association, which leased the Post Office Building to the United States of America at the time of the injury.

Third-Party Defendant, Dauphin Island, etc., denies liability.

## FINDINGS OF FACT

The jurisdictional averments are admitted together with the fact that the plaintiff, Margo Hughes, was injured at the time and place and under the circumstances as averred in the complaint, excepting the negligence of the defendants and excepting the contributory negligence, if any, of the plaintiff, Margo Hughes.

The Dauphin Island Post Office is a concrete block building with a single door entrance. The roof over the entrance has an overhang of six feet. There is a sidewalk running in front of the doorway six feet in depth which makes an "L". It has a corresponding overhang and sidewalk.

The lobby of the Post Office is slightly smaller than the jury box consisting of 14 chairs, two rows, approximately 9 x 18 feet, and was lighted on the inside by two fluorescent light fixtures. Dauphin Island is a beach area. Leaving the Post Office one faces west. The immediate area in front consists of gravel and shell. Approximately 30 feet from the doorway there is a blacktop road and across the road is a ditch, brush, and trees (Exhibit B).

The accident occurred at approximately 3:00 to 3:30 in the afternoon as the plaintiff, Margo Hughes, stepped from the doorway, turned right, and struck an extended window. Approximately one pace or less from the doorway an awning type window with metal frame extended out over the walk in a semi-horizontal fashion, two feet four inches, or slightly less than one-half of the distance of the sidewalk. (Government Exhibit No. 1—Chart.)

More than one-half of the sidewalk where the plaintiff made her exit would have been in the sunlight. (See Exhibit B—Photograph No. 2.) The plaintiff had put on sunglasses just before leaving the Post Office to protect her eyes from the afternoon sun and glare. She struck the edge of the awning and received a cut approximately one inch in length running vertically along her cheek just below her right eye. (Plaintiff's Exhibit No. 4.)

A local medical doctor, a general practitioner, took five to ten sutures in the wound and advised her to return in two or three days for their removal and further dressing of the wound.

The accident occurred on Tuesday. Plaintiff Hughes had entered a beauty contest. She continued her participation. It ended Friday. She did not return to the doctor until Saturday. He was not in the office, and she returned on Sunday when the sutures were removed.

The doctor who treated her testified that had she returned as he instructed her, the scar would be less noticeable than it is today. He further testified that plastic surgery would probably improve the appearance of the scar.

The scar as it appeared on the plaintiff in court is apparent, but Plaintiff's Exhibit No. 4 accentuates the scar to a greater extent than in normal life. She appeared in court without make-up.

Both plaintiffs testified that the scar occasionally itched. An application of cold cream gives relief. They testified of embarrassment caused by the scar.

The mother has incurred two doctor bills in the amount of $35.00. It was agreed a plastic surgeon's testimony would be that $450.00 would be a reasonable fee for a plastic surgeon's services to repair the scar.

## CONCLUSIONS OF LAW

In a Federal Tort Claims Act the United States District Court applies the law of the place of the injury. Jupiter and Levy Metals, Inc. v. U. S. A., 287 F.2d 388 (5th CA 1965); United States v. Bell, 354 F.2d 220 (5th CA 1965).

In Alabama an invitee has been described "To constitute plaintiff an invitee, he must have been * * * upon the business upon which the invitation to the public is extended." Farmers' & Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406. On entering a bank for the sole purpose of having a $100 bill changed * * *

held to be an invitee * * * [while performing * * *] a function which a bank is generally known to perform, and recovery could be had for the bank's negligence in maintenance of the floor. First National Bank of Birmingham v. Lowery, 263 Ala. 36, 81 So.2d 284 (1955).

Customers of the Post Office who transact business therein are invitees to whom the United States owes a duty to maintain the premises in a reasonably safe condition and exercise the degree of care that an ordinary storekeeper would exercise under the same or similar circumstances to protect his customers.

An injured person has a duty to take steps to mitigate their damages. " * * * [I]t is the duty of one injured by the negligent act of another to exercise an ordinary degree of care and prudence to prevent the accumulation of damages * * * and can only recover such damages as would have been sustained had such care been taken. * * * " Birmingham Railway, Light and Power Co. v. Anderson, 163 Ala. 72, 50 So. 1021.

The court concludes that the opening of the window by the defendant United States one pace or less from the doorway and over the sidewalk provided for the use of patrons, constituted negligence. It is reasonable to assume that people would use the sidewalk and make an immediate right turn. The passing from inside the building into the afternoon sun under the prevailing conditions were such that people would be subject to glare and would use sunglasses. This negligence was the proximate cause of the plaintiff's damages. The court further finds that the plaintiff had entered the Post Office from the opposite direction and although she had used the Post Office on previous occasions, her conduct on this occasion considered with the nature of general business at the Post Office, did not constitute contributory negligence.

The court finds that the plaintiffs were advised by the doctor on the date

of the accident of the advisability of securing the services of a plastic surgeon at that time and further that the treating physician at the time the wound was sutured advised the injured plaintiff to return in two or three days, which she failed to do.

■ In Case No. 4959–68, the court finds for the plaintiff, Irene Dinkelman as mother and next friend of Margo Hughes, and against the defendant United States of America, and assesses her damages at $750.00.

■ The court finds 25% of this judgment is a reasonable plaintiff's attorney's fee.

■ In Case No. 4958–68, the court finds for the plaintiff Irene Dinkelman and against the defendant United States of America, in the amount of $485.00. The court finds 25% of this judgment is a reasonable plaintiff's attorney's fee.

### THIRD-PARTY PLAINTIFF UNITED STATES OF AMERICA V. DAUPHIN ISLAND BUSINESS MEN'S ASSOCIATION.

In the Third-Party complaint of the United States of America against the Dauphin Island Business Men's Association cases, the court finds that the building in which the Post Office is located was leased by the Third-Party Defendant. The jurisdictional facts are admitted. The United States leased from Dauphin Island, etc., the premises occupied at the time the accident occurred July 25, 1961. The lease contained a provision that: "4. The LANDLORD * * * shall maintain the premises in good tenable condition. * * * *"

■ This building was constructed originally as a Dauphin Island fire station. The premises which the Post Office occupied at the time of the accident were designed and built for accommodation of fire department personnel. The interested persons on Dauphin Island were unable to finance fire station personnel to occupy the building and a por-

tion was leased to the United States for use as a Post Office. Part of the building next to the Post Office is used for fire truck and equipment. (See Exhibit B—Photograph No. 1.) The Post Office had full control of the operation of the windows.

The court finds that the Third-Party Defendant's contract with the United States did not carry with it an agreement of indemnity concerning the opening and closing and use of the window under these facts.

Therefore, in Case No. 4958–68, the court finds for the Third-Party Defendant Dauphin Island Business Men's Association and against the Third-Party Plaintiff United States of America, and,

In Case No. 4959–68, the court finds for the Dauphin Island Business Men's Association, Third-Party Defendant, and against the United States of America, the Third-Party Plaintiff.